Delores R. GREENE

v.

**The COUNTY SCHOOL BOARD OF HENRICO COUNTY, VIRGINIA.**

Civ. A. No. 81–0614–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 28, 1981.

Randall G. Johnson, Richmond, Va., for plaintiff.

William G. Broaddus, County Atty., Richmond, Va., for defendant.

MEMORANDUM AND ORDER

WARRINER, District Judge.

 This case is before the Court on a Motion to remand. On 10 June 1981, the County School Board of Henrico County filed an action in the Circuit Court of the County of Henrico, Virginia, against Delores R. Greene. The County alleged that Greene had breached a contract requiring her to teach in the County's school system for three years following a sabbatical leave which ended in 1977. On 2 July 1981, Greene filed a petition for removal, asserting that upon the termination of her sabbatical she was denied equal employment opportunities in violation of Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and that Title VII vests jurisdiction exclusively in federal courts. Greene thus seeks to remove to federal court pursuant to 28 U.S.C. § 1443.

Section 1443 provides for removal of civil rights cases if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." On 24 July 1981, the County filed a Motion to remand, asserting that petitioner does not meet the requirements of § 1443 because she can enforce her Title VII rights in State court.

▮ A removal petition under § 1443 must satisfy a two-pronged test: (1) the right denied the removal petitioner must arise under a federal civil rights law securing racial equality; and (2) the removal petitioner must be denied or must be unable to enforce the right in the State court. *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975). The respondent concedes that rights secured by Title VII satisfy the first prong of the test. The respondent denies, however, that the petitioner cannot enforce her Title VII rights in State court. The question in this Motion is thus clear: May a Title VII claim be asserted in a State court?

*Dickinson v. Chrysler Corp.*, 456 F.Supp. 43 (E.D.Mich.1978), though procedurally different, is directly on point. The Court in *Dickinson* held that Title VII actions are within the exclusive jurisdiction of the federal courts. The *Dickinson* Court noted the repeated references to "federal" courts rather than to "State" courts both in the congressional debates on Title VII and in the Supreme Court case of *Alexander v. Gardner-Denver*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). However, the issues in the language referred to from the debates and from *Alexander* were State exhaustion requirements and the exclusivity of remedy under Title VII, not the exclusivity of jurisdiction. Thus, the Court in *Dickinson* drew its conclusion from language not directed to the point at issue.

In contrast to *Dickinson*, the Court in *Bennun v. Board of Governors*, 413 F.Supp. 1274 (D.N.Y.1976), held that the States have concurrent jurisdiction of suits arising under Title VII. The Court reasoned that because State courts exercise concurrent

jurisdiction with the federal district courts over cases arising under 42 U.S.C. §§ 1981–85, serving similar purposes, there is no reason to conclude that State courts do not have jurisdiction under 42 U.S.C. § 2000e. If other sections of the Civil Rights Act may be asserted in State courts, no principled reason based on the value of the rights to be protected, calls for exclusive federal jurisdiction over Title VII actions. See, *Tomsick v. Jones*, 464 F.Supp. 371, 373 (D.Colo.1979); *DiAntonio v. Pennsylvania State University*, 455 F.Supp. 510, 512 (M.D. Pa.1978); *International Prisoners' Union v. Rizzo*, 356 F.Supp. 806, 810 (D.Pa.1973).

The Sixth Circuit Court of Appeals as recently as last year in *Fox v. Eaton Corp.*, 615 F.2d 716, 719 (6th Cir. 1980), acknowledged that the absence of State court jurisdiction over Title VII claims in Ohio "was far from clear," although the Supreme Court of Ohio had held that Ohio State courts had no Title VII jurisdiction. While the Eighth Circuit Court of Appeals in *Gunther v. Iowa Men's Reformatory*, 612 F.2d 1079, 1083–84 (8th Cir. 1980) expressed doubt as to *Bennun*, this Court believes it good law.

▮ The Court in *Bennun* cited the rule that State courts of general jurisdiction have the power to exercise jurisdiction over cases arising under the Constitution, laws, or treaties of the United States unless this power is expressly denied by Congress. See *Dowd Box Co. v. Courtney*, 368 U.S. 502, 508, 82 S.Ct. 519, 523, 7 L.Ed.2d 483 (1962). The Supreme Court stated in *Claflin v. Houseman*, 93 U.S. 130, 136–37, 23 L.Ed. 833 (1876):

> The laws of the United States are laws of the several states, and just as much binding on the citizens and courts thereof as the state laws are. . . . [R]ights acquired under the laws of the United States, may be prosecuted in the United States Courts or in the State Courts, competent to decide rights of the like character and class; subject, however, to this qualification, that where a right arises under a law of the United States, Congress may, if it see fit, give to the Federal Courts exclusive jurisdiction.

The language of Title VII neither expressly nor by necessary implication vests the federal courts with exclusive jurisdiction. The *Bennun* court also found no compelling indication in the legislative history of Title VII of an intention to create an exclusive federal remedy.

In addition, it would be unwise as a policy to permit removal whenever a defense in State court is based on a Title VII claim. So facile a means of obtaining removal for an otherwise clear-cut State cause of action would create friction where none need exist.

Plaintiff suggested in the initial pre-trial conference that a remand would be a vain act since she would promptly file an original Title VII complaint in federal court. This may be so. And if so, the Court will deal with any issues which might be raised. But plaintiff may find it more efficient and economical to present her defense and counterclaim in a court of competent jurisdiction no less obligated to uphold the Constitution and laws of the United States than is this Court.

The Motion to remand is GRANTED.

And it is so ORDERED.