**Arthur J. LEVY, Petitioner,**

v.

**Milton H. WEISSMAN, Respondent,**

**Hon. Louis C. Bechtle, United States District Judge, Eastern District of Pennsylvania, Nominal Respondent.**

**No. 81–2822.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 12, 1982.

Decided Feb. 23, 1982.

As Amended March 18, 1982.

Arthur J. Levy, pro se.

Louis S. Criden, Weissman, Kozart & Criden, Philadelphia, Pa., for respondent.

Louis C. Bechtle, pro se.

Before HUNTER and HIGGINBOTHAM, Circuit Judges, and ACKERMAN,* District Judge.

**OPINION OF THE COURT**

JAMES HUNTER, III, Circuit Judge.

Petitioner/defendant herein, Arthur J. Levy, seeks a writ of mandamus vacating the order which remanded his case to state court. Because we believe that the result in this case is governed by *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), we are constrained to grant the writ and order

* Honorable Harold A. Ackerman, of the United States District Court for the District of New Jersey, sitting by designation.

Judge Bechtle to vacate his order filed October 6, 1981, insofar as that order remanded this case to state court. Our action is of course without prejudice to the imposition of appropriate sanctions on petitioner for his failure to obey Judge Bechtle's order filed August 3, 1981, requiring him to comply with Rule 18(b) of the Local Rules of the United States District Court for the Eastern District of Pennsylvania (although no time limit was explicitly stated).

Respondent/plaintiff Milton H. Weissman sued petitioner Levy in state court for maliciously filing a complaint with the Disciplinary Board of the Supreme Court of Pennsylvania. Both petitioner and respondent are attorneys. Petitioner removed the case to federal court. The case was properly removed to federal court under 28 U.S.C. § 1441(a), because the case could have initially been brought in federal court pursuant to federal diversity jurisdiction.[1]

By letter dated June 15, 1981, from the Clerk's Office to petitioner, petitioner was notified of Local Rule 18(b) of the United States District Court for the Eastern District of Pennsylvania (Exhibit A to Exhibit C of the Petition for Mandamus). With its letter, the Clerk's Office enclosed a copy of Rule 18(b), which provides:

> Any party who appears pro se shall file with his appearance or with his initial pleading an address within the district where notices and papers can be served.

Local Rule 18(b) applies to petitioner Levy, who is appearing pro se, as it applies to all pro se litigants in the Eastern District of Pennsylvania.[2]

On June 17, 1981, petitioner Levy wrote to the Clerk's Office (Exhibit B to Exhibit C of the Petition for Mandamus). In his letter, petitioner construed Rule 18(b) as impinging upon his right of self-representation, and argued that Rule 18(b) was therefore unconstitutional.

On or about July 29, 1981, petitioner Levy filed a motion and supporting materials seeking a declaration that Local Rule 18(b) not be enforced with regard to him (Exhibits C and D to the Petition for Mandamus). In his affidavit accompanying the motion, petitioner Levy conceded that he had not complied with Local Rule 18(b). In his Memorandum of Law (Exhibit D to the Petition for Mandamus), petitioner argued that Local Rule 18(b) is unconstitutional because it interferes with the right of self-representation.

In an order filed August 3, 1981, Judge Bechtle denied petitioner's motion to dispense with Local Rule 18(b) (Exhibit E to the Petition for Mandamus). By that written denial, the court reaffirmed the applicability of Local Rule 18(b) to petitioner. Petitioner, however, ignored the August 3 order.

According to his petition in this court, petitioner completely disregarded the court's August 3 order until September 24, 1981.[3] By a letter dated September 25, 1981, he wrote to inform Judge Bechtle that he would be out of the country from Sep-

---

1. It appeared on the face of the removal petition and of the complaint filed in state court that there is diversity of citizenship, that the state court defendant is not a citizen of Pennsylvania (*see* 28 U.S.C. § 1441(b)), and that the amount in controversy is greater than $10,000. *See* 28 U.S.C. § 1332(a).

   It appears on the face of the documents filed in this court that the removal petition complied with all applicable procedural requirements. *See* 28 U.S.C. § 1446. There is no allegation to the contrary.

2. Local Rule 18(b) imposes a requirement upon pro se litigants similar to the requirement imposed by Local Rule 13(a) upon litigants represented by counsel. Local Rule 13(a) provides:

   > Any attorney who is not a member of the Bar of this court or who does not maintain an office in Pennsylvania for the practice of law shall, in each proceeding in which he desires to appear, have as associate counsel of record a member of the bar of this court who maintains an office in this Commonwealth for the regular practice of law and upon whom all pleadings, motions, notices and other papers can be served conformably to the Federal Rules of Civil Procedure and Rules of this court.

3. No motion for reconsideration was filed. *See* Local Rule 20(g).

tember 25 (the date of the letter) until mid-October, 1981 (Exhibit F to the Petition for Mandamus), and to ask the trial court to give him an extension to permit him to answer any motion filed by respondent in his absence. Petitioner neither complied with Local Rule 18(b) nor referred to the August 3 order in his letter.[4] On September 24, 1981, respondent Weissman's attorney mailed to petitioner and filed what was apparently a response to the removal petition, entitled Plaintiff's Motion to Dismiss Defendant's Petition To Transfer (Exhibits G and H to the Petition for Mandamus).[5] Plaintiff's motion was based upon petitioner's failure to comply with Local Rule 18(b).

In an order filed October 6, 1981, the trial court construed plaintiff's motion as a motion for remand and granted it solely as a sanction for petitioner's failure to obey Local Rule 18(b) and the court's order that he comply with Local Rule 18(b). This petition for mandamus followed.

The reasoning of the trial court in remanding the case to state court is attractive. Petitioner, a lawyer, *chose* to remove this case to federal district court, but, once there, refused to comply with the rules of that court. Petitioner also refused to comply with (and, indeed, completely ignored) an order of the court denying his motion to have Local Rule 18(b) declared inapplicable to him.

The result in this case is controlled by Supreme Court precedent. In *Thermtron*

*Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court dealt with the questions of "whether a Federal District Judge may remand a properly removed diversity case for reasons not authorized by statute, and, if not, whether such remand order may be remedied by writ of mandamus." *Id.* at 337, 96 S.Ct. at 586. The Court answered the first issue in the negative, and the second in the affirmative.

In *Thermtron Products*, the underlying suit was removed from state to federal court pursuant to federal diversity jurisdiction. The federal trial judge remanded the case to state court on the ground that "an adjudication of the merits of the case would be expedited in the state court." *Id.* at 339, 96 S.Ct. at 587. A petition for mandamus was filed by the removing parties, which the court of appeals denied after concluding that it had no jurisdiction to review the remand order or to issue a mandamus.[6]

The Supreme Court reversed, ruling that a case may only be remanded to state court on grounds permitted by 28 U.S.C. § 1447(c): when the case was removed "'improvidently and without jurisdiction' within the meaning of the statute." *Id.* at 344, 96 S.Ct. at 589.[7] Where a case has not been removed improvidently or where subject matter jurisdiction exists,[8] remand is inappropriate and a federal trial court has no jurisdiction to enter a remand order. *Id.* at 345, 96 S.Ct. at 590.

---

4. The contents of any telephone conversations which may have taken place between petitioner and any court personnel on September 24, 1981, and any arguments deriving from those conversations, are irrelevant in light of the result reached herein. Moreover, whatever was or was not said during those conversations, the fact remains that petitioner neither complied with Local Rule 18(b) nor responded in any way to the court's August 3 order between August 3 and September 24 at the *earliest.*

5. Petitioner had given the court a New York address to which papers could be sent.

6. The court of appeals ruled that 28 U.S.C. § 1447(d) precluded any review of a remand order by any means. Section 1447(d) provides:
   (d) An order remanding a case to the State Court from which it was removed is not reviewable on appeal or otherwise....

7. Section 1447(c) provides in pertinent part:
   (c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs....

8. There is no suggestion in this case that the removal itself was improvident and without jurisdiction.

The Court then examined the question of whether review of the remand order was precluded by § 1447(d), and decided that it was not. Where a judge remands a case for reasons "not recognized by the controlling statute," review is not foreclosed. "Because the District Judge remanded a properly removed case on grounds that he had no authority to consider, he exceeded his statutorily defined power; and issuance of the writ of mandamus was not barred by § 1447(d)." *Id.* at 351, 96 S.Ct. at 593.[9]

Here, the case was remanded because of petitioner's failure to comply with Local Rule 18(b) and with the trial court's order of August 3, 1981. The trial judge thus remanded the case to state court for reasons "not recognized by the controlling statute," and *Thermtron* requires that we grant the petition for mandamus and remand the case with instructions to the trial court to vacate his order remanding the case to state court. Our ruling is without prejudice to further action by the trial court to enforce Local Rule 18(b).[10]

No costs.

**9.** The Court's ruling as to appellate review of a remand order was confined to cases remanded "on grounds not specified in the statute and not touching the propriety of the removal." All remand orders based on jurisdiction or improvidence of the removal remain non-reviewable. *Id.* at 351–52, 96 S.Ct. at 593. *See Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam).

**10.** Petitioner argues that Local Rule 18(b) is unconstitutional because it requires him to hire local counsel. The rule itself answers that contention: it imposes no such requirement, and the trial court did not rule that it did.

The question of whether Local Rule 18(b) unconstitutionally interferes with petitioner's right of self-representation in this case is not before us, and we do not express any opinion thereon. *Cf. Faretta v. California*, 422 U.S. 806, 812–14 (1975).