John T. PATZER, Plaintiff,

v.

BOARD OF REGENTS OF the UNIVERSITY OF WISCONSIN SYSTEM, its president, David E. Beckwith; and the State Department of Administration, and its secretary, Doris Hanson, Defendants.

No. 83-C-528-S.

United States District Court,
W.D. Wisconsin.

Jan. 19, 1984.

**1554**

Richard V. Graylow of Lawton & Cates, Madison, Wis., for plaintiff.

John R. Sweeney, Asst. Atty. Gen., Madison, Wis., for defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Before the Court is defendants' motion for summary judgment in this case of alleged race and sex discrimination. This apparently simple discrimination case is complicated by a serpentine procedural history. In addition, after the Court requested the comments of counsel concerning the effect of *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) and *Wakeen v. Hoffman House*, 724 F.2d 1238 (7th Cir.1983), plaintiff submitted that the issue of liability had been resolved in his favor by prior proceedings, leaving only the issues of damages and attorney fees for trial.

The facts are as follows:

## FACTS

In December, 1972, the State of Wisconsin advertised for the employment of an apprentice painter. The employer was to be the University of Wisconsin Board of Regents. According to personnel policies then in effect, the State's Department of Administration (DOA) would certify a list of qualified candidates for the position to the University, which would choose the job recipient from that list.

The announcement for the position carried the following qualification:

SPECIAL REQUIREMENT: In accordance with the State of Wisconsin's Affirmative Action Program, only applicants who are women, or who are members of the six minority groups as defined by the EEOC may apply for this position.

Also in effect at the time was a Wisconsin Administrative Code provision, PERS 27.-02(1)(a), which authorized the Director of the State's Bureau of Personnel to limit recruitment to specific positions to minority groups.

Plaintiff John Patzer applied for the apprentice painter position on December 19, 1972. On December 29, Patzer received an acknowledgement of his application which indicated that his application was insufficient in that it could not be determined whether he belonged to a qualifying minority group. He was asked to note at the bottom of the acknowledgement whether he was, indeed, a member of such a group and to submit that information. Patzer responded that he was a white male and stated:

If the conditions mentioned above make me unqualified to apply for this job with the Wisconsin State Civil Service, please so state.

On January 8, 1973, Mr. Lewis Greenelsh, of the Bureau of Personnel responded to Patzer's application as follows:

Consequently, as indicated in the announcement furnished you as an enclosure to our letter of December 29th 1972, only applicants who are women, or who are members of one of the six minority groups identified in the announcement, are eligible to apply. As your reply (dated January 2, 1973) to our letter of December 29, 1972 indicates you are not a member of the target groups to which eligibility to apply is extended, we are unable to consider your application for this particular position.

On January 11, 1973, Patzer filed a complaint with the Equal Employment Opportunities Commission (EEOC) and the Wis-

consin Department of Industry, Labor and Human Relations (DILHR), charging that he had been discriminated against on the basis of sex and race. On February 23, 1973, DILHR's Equal Rights Division issued a finding of probable cause that Patzer had been discriminated against. Patzer again prevailed before a hearing examiner by decision dated February 22, 1974.[1] Written exceptions were filed to the hearing examiner's findings by the University and DOA and heard before the DILHR Commissioners. A number of interested parties intervened and filed briefs. By decision dated October 31, 1974, the Commissioners upheld the hearing examiner's decision, concluding that:

> Respondents discriminated against the Complainant because of race and sex (Caucasian male), in violation of the Wisconsin Fair Employment Law, ss. 111.-32(5), 111.325, Wis.Stats.

The Commissioners also ordered the respondents to cease giving absolute preference to minorities. As for specific relief to Patzer, the defendants were ordered to examine him in accordance with prior policy, and, if his test score would have entitled him to be certified, he was to be hired for the next available painter apprentice vacancy. He was examined and certified.

DOA and the University appealed the DILHR decision to the Circuit Court for Dane County. By decision dated May 17, 1976, the Circuit Court, Judge Norris Maloney presiding, affirmed the decision, holding that the provisions of the Wisconsin Administrative Code on which the hiring policy in this case was based were violative of the State Constitution as an unlawful exercise of legislative power. The decision neither faced the issue with respect to the United States Constitution, nor mentioned the holding that Patzer had been discriminated against by reason of race and sex.

This decision was appealed to the Wisconsin Supreme Court which, on April 19, 1977, affirmed the judgment. The holding of the Court was essentially based on stat-utory construction. The conclusion of the Court was as follows:

> Accordingly, PERS 27, upon which the appellants rely, is not valid authority for the exclusion of Patzer solely because of his race or sex.

*State (Dept. of Administration) v. ILHR Dept.,* 77 Wis.2d 126, 140–51, 252 N.W.2d 353 (1977).

On or about June 20, 1978, Patzer filed a complaint in Dane County Circuit Court alleging that he had not been offered a position in accordance with the DILHR decision (apparently none had become available), and asked for $25,000 in damages representing lost wages, fringe benefits and expenses incurred in finding other employment. The suit was brought against the chief officers of the University, DOA and the Bureau of Personnel individually and in their official capacity.

On the motion of these defendants, the Court dismissed the suit by order dated April 24, 1979. The Court accepted Patzer's characterization of the suit as a private cause of action for damages arising out of employment discrimination authorized by *Yanta v. Montgomery Ward & Co.,* 66 Wis.2d 53, 224 N.W.2d 389 (1974). The Court dismissed on the ground that, as a suit against the State, personal jurisdiction was lacking because Patzer had failed to comply with Wisconsin's notice of claim statute, § 895.45(1), Wis.Stats.

During this period, it appears that Patzer's EEOC complaint was more or less dormant. It appears that EEOC was kept informed of the progress of Patzer's claim in State proceedings. After dismissal of Patzer's damage claim in 1979, EEOC activity was increased. EEOC requested and received wage information from Patzer and apparently initiated conciliation efforts on his behalf. After settlement discussions proved 'fruitless in late 1982, Patzer requested and received a right-to-sue letter in 1983. This action was filed shortly thereafter.

---

1. The hearing was held May 1, 1973 before Bruce D. Schrimpf, Hearing Examiner for the Equal Rights Division.

*MEMORANDUM*

Patzer originally filed this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000e, et seq. The Court has previously dismissed the § 1983 action, holding that his cause of action arose in January, 1973; that is, more than ten years prior to the filing of this action. The parties agreed that such claims are governed by Wisconsin's six-year statute of limitations governing statutory causes of action. The Court held that the pendency of Patzer's Title VII action did not toll the statute on the § 1983 action. *See Johnson v. Railway Express,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Inada v. Sullivan,* 523 F.2d 485 (7th Cir.1975).

The Court also ordered the dismissal of the individuals named in Patzer's complaint, it being undisputed that the present chairman of the University's Board of Regents and the present Secretary of the Department of Administration were in no way personally involved in the actions which gave rise to this lawsuit and are neither employers nor agents of the employer for purposes of a Title VII action. 42 U.S.C. § 2000e(b).

■ Defendant Department of Administration has also moved for summary judgment on the basis that it was not the "employer" with respect to the job that Patzer applied for. Although the Court does not understand the reason why the parties are intent on arguing this issue (the University certainly has the jurisdictional number of employees), the Court must answer the question in plaintiff's favor. The employing agency of state government in this case is the University and is obviously an employer within the meaning of the statute. DOA, in its capacity as the agency which certifies candidates for employment to the other agencies of the state government, was, in important respects, the perpetrator of whatever discrimination took place here. In screening applicants, DOA was acting as the agent of the University and can be sued under Title VII. The only rational reason the Court can imagine for DOA's motion is that the University wishes to argue that DOA, not the University, committed the discriminatory acts.

Having disposed of the minor points in defendants' motion, the Court must face the major questions. The questions involve the doctrine of laches and the application of *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

*Laches*

■ Defendants contend that Patzer's delay in bringing this lawsuit, a delay in excess of ten years, is unreasonable, inexcusable and, in addition, has prejudiced the defendants' ability to defend the suit.

Under *EEOC v. Massey Ferguson,* 622 F.2d 271 (7th Cir.1980), a defendant can prevail on the defense of laches only if the plaintiff's delay was unreasonable and inexcusable, and if the defendant has been prejudiced. While the Court has no trouble in concluding that a ten-year delay in bringing suit under a statute with rather tight statutory time constraints is unreasonable *per se,* and inordinate, the question of whether the delay was inexcusable is a reasonably close one. The Court in *Boone v. Mechanical Specialties,* 609 F.2d 956 (9th Cir.1979) held that a seven-year delay was inexcusable when the plaintiff virtually slept on his rights despite offers of a right-to-sue letter from the EEOC. Patzer, on the other hand, did pursue his case vigorously with the State agency and, in a sense, prevailed there. He then brought suit under State law and, when that lawsuit was dismissed, did again pursue the EEOC complaint. Until shortly before he requested a right-to-sue letter, serious conciliation efforts continued. Since the EEOC is not to actively process complaints until State proceedings have terminated, 42 U.S.C. § 2000e–5(c), at least some of the delay is excusable. And, even though Patzer could have pressed his EEOC claim after 60 days under the same statute, it is understandable that he chose not to do so considering the success he was having.

As for prejudice, defendants' position is woefully deficient at this stage of the proceedings. The *Massey Ferguson* court noted with approval the case of *Fowler v. Blue Bell, Inc.,* 596 F.2d 1276 (5th Cir.

1979), a private Title VII case. In *Fowler*, the Court rejected the argument that a change in management was prejudicial because, as they are here, the old managers were available to testify. Also discussed and rejected in *Massey Ferguson* was the argument that the memories of key witnesses had faded. The availability of the witnesses and employment records was held sufficient to overcome any such prejudice. The same is true here.

Furthermore, as will be discussed more fully later in this decision, defendants have no need of detailed recollection of events which are now eleven years old. The issue of liability is *res judicata* under *Kremer*, *supra.*, so the question of whether plaintiff would have been hired absent any discrimination need not be answered in this proceeding. Even if this question did have to be answered, defendants have not shown that their ability to offer proof on the question has been seriously affected.

Accordingly, as the Court advised the parties at the final pre-trial conference, defendants' motion based on the defense of laches is also denied.

### Res Judicata/Collateral Estoppel

■ In *Kremer*, the Supreme Court gave preclusive effect to a state court decision upholding a lack of probable cause determination by a state agency.

There is no question that *Kremer* cuts both ways. Plaintiff argues that the state court's review of DILHR's decision, a review sought by defendants here, precludes relitigation of the issue of liability. The agency concluded that Patzer had been discriminated against on the basis of race and sex. Although the review sought by the defendants here was apparently limited to state law questions of the power of administrative agencies and statutory construction, defendants do not argue, faced with *Kremer*, that the discrimination question has not been preclusively decided. Defendants are bound by the decision of the state court in the same way that the plaintiff in *Kremer* was bound when he sought state court review. According to *Kremer*, the state court decision must be given preclusive effect if the state court's decision

would be given preclusive effect within the state, and when the procedures in state court comport with due process. *Kremer*, 456 U.S. at 481, 102 S.Ct. at 1897. These requirements appear to be met in this case and defendants have offered no arguments to the contrary.

The application of *Kremer* sought by defendants here is less clear. Defendants contend that Patzer's failure to litigate the issue of inadequacy of relief during the state court review should preclude him from doing so now. Patzer counters that state law, at the time he filed his complaint, did not allow for an award of back pay. Thus, to require him to appeal the issue of inadequacy of the remedy would mandate a pursuit which was certain to be fruitless. Defendants answer, however, that the law regarding relief was changed during the period that Patzer's case was before the DILHR Commissioners, and that it could have been applied retroactively.

Section 111.36, Wis.Stats. (1971) did not provide for back pay. By Chapter 268, Laws of 1973, the statute was changed to provide for back pay relief. This law was effective June 16, 1974; that is, during the period that the DILHR Commission was considering post-hearing briefs. Defendants have submitted a slip opinion in the case of *Esch v. Milwaukee County Civil Service Commission*, an unpublished decision of the DILHR Commission, which was decided on September 6, 1974, retroactively applying the back pay provisions of the then new state law.

There is no evidence that Patzer ever urged the DILHR Commission to consider an award of back pay in this case. The Court has no doubt that he could have. It is doubtful that he could have successfully argued for back pay during the state court review, given that court's limited scope of review. § 227.20, Wis.Stats.

However, the real question, as *Kremer* makes clear, is whether the decision would have been given preclusive effect by courts of Wisconsin. That is, would plaintiff be barred from asserting a claim for back pay in a later proceeding in state court.

Plaintiff could have asserted a back pay claim during the state court review had he preserved that claim before the Commission. It may be that Patzer's failure to raise the issue before the administrative tribunal does not bar him from raising the back pay claim at this time. His failure at the administrative level would have no effect on a Title VII action under any circumstances. The fact that the defendants, not Patzer, sought state court review strengthens plaintiff's argument. As was noted in *Gunther v. Iowa State Men's Reformatory,* 612 F.2d 1079, 1083 (8th Cir.1980), the case for a second federal action is particularly strong where the plaintiff was forced to defend an appeal by the employer. Although the *Gunther* court's analysis, which predates *Kremer,* is faulty in some respects because of *Kremer,* the decision has a certain amount of logical force. The *Gunther* plaintiff prevailed before the administrative agency but lost before the Iowa Supreme Court. This Court is mindful of the comment on *Gunther* in the post-*Kremer* case of *Unger v. Consolidated Foods Corp.,* 693 F.2d 703, 711, note 11 (7th Cir.1982), that *Kremer* probably dictates reversal of a *Gunther*-type case. Nevertheless, this Court must question whether preclusion under *Kremer* can be applied when the issue in question could not have been raised in the court proceeding. The Court will admit to the bare possibility that Patzer might have raised the back pay issue during state court review in order to induce a remand to the administrative agency.

However, there was another state proceeding in this case, one which is not so fraught with question marks. After the administrative action in this case had been resolved, finally by decision of the State Supreme Court, Patzer filed an action for damages, including back pay, in the state court. He based his claim on state law and suffered dismissal of his suit for failure to observe a procedural prerequisite, the filing of a notice of claim under § 895.45(1), Wis.Stats.

■ It is beyond argument that a plaintiff can come to Federal District Court with his Title VII claim to get relief that was unavailable to him in state proceedings. *See New York Gaslight Club v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980) (regarding an attorney fee award). Patzer did not receive an award of back pay in state proceedings before the administrative agency. He could have filed a claim under Title VII. Had he prevailed as he did before the administrative agency, he probably would have received such an award, and attorney fees as well.

■ Before he filed such a claim (this action), he started an action in state court. He lost. Granted, that action was dismissed on a ground that would not have defeated such a claim in this court. Nevertheless, this Court is at a loss to conceive a rational argument which would militate against dismissal on grounds of *res judicata.* As was stated in *Wakeen v. Hoffman House, Inc.,* 724 F.2d 1238 (7th Cir.1983):

> Res judicata extends not only to issues actually raised in a prior proceeding, but also to issues that could have been raised. Wakeen's federal action is based on the same operative facts, and revolves around the same central issues, as Wakeen's state action ... That a potential response to Hoffman House's defense finds its base in federal law does not mean that Wakeen can bring an independent federal action to assert that response.... Wakeen should have argued that the agency's order was erroneous because it failed to appreciate the breadth and force of a valid, applicable federal law.

*Id.,* page 1241, citations omitted. Because Patzer's action for damages including back pay was not a state court review of an administrative decision but was rather an independent action, the Court believes that he could have filed a Title VII action along with his action based on state law. The Wisconsin courts are cognizant of the fact that federally based claims are not subject to the defense of failure to comply with the notice of claim statute. *See Doe v. Ellis,* 103 Wis.2d 581, 309 N.W.2d 375 (Wis.App. 1981).

There is nothing in Title VII which would lead this Court to conclude that jurisdiction of such cases is reserved exclusively to federal courts. In 42 U.S.C. § 2000e–5(f)(1), the grant of jurisdiction to district courts is not, by its terms, exclusive. There appears to be no reason why plaintiff could not have asserted his rights under Title VII in state court, thereby defeating the defense of noncompliance with the notice of claim statute. A similar conclusion was reached in *Bennum v. Board of Governors of Rutgers Univ.*, 413 F.Supp. 1274, 1279 (D.C.N.J.1976) (language of the statute neither expressly nor by necessary implication vests federal courts with exclusive jurisdiction). The contrary conclusion reached in *Dickinson v. Chrysler Corp.*, 456 F.Supp. 43 (E.D.Mich.1978) is not particularly compelling. The exclusivity of jurisdiction must certainly be based on more than the suggestions contained in Congressional debates.

But even if there is a possibility that the Wisconsin Court would not have accepted jurisdiction on the basis of Title VII (a possibility that this Court is willing to admit as distinct in light of the dicta in *American Motors v. DILHR*, 101 Wis.2d 337, 305 N.W.2d 62, 69 (1981)), plaintiff cannot be heard to complain. He should have at least raised the issue, and, if he thought that the state court would be unsympathetic, he should have filed in federal court. *Wakeen, supra,* page 1243. The following statement from *Wakeen* shows conclusively that the decision rendered against Patzer in the suit he filed for damages must bar this action:

> [A]llowing a federal court to adjudicate a Title VII claim arising out of the same facts as a discrimination claim conclusively adjudicated in the state courts simply because the plaintiff did not argue to the state court that the state law, if interpreted unfavorably to the plaintiff, allows a result that is contrary to federal law, produces harms that go beyond the harms traditionally associated with allowing multiple lawsuits: allowing such an exception to *Kremer* would adversely affect the *quality* of adjudication at the state level.

*Id.*, page 1243 (emphasis in original).

The trial scheduled before this Court for January 19, 1984 proceeded only on the issue of monetary relief, there being no question as herein before stated that a retrial on the issue of liability has been precluded. Previous to trial, defendants were given leave by the Court, without objection, to file an amended answer alleging preclusion.

A review of the argument of counsel and applicable authority requires this Court to conclude that the entire matter must be dismissed, and for this reason the Court will not address itself to the particular and specific monetary relief which may be available to the plaintiff, that issue not being before the Court as a result of this decision.

## CONCLUSION

Plaintiff's claim is not barred by laches.

Plaintiff's claim may be precluded as a result of the state court decision concerning his discrimination claim in the first instance. The first court determination does, indeed, bar the parties from relitigating the issue of liability; that is, whether defendants discriminated against the plaintiff.

However, the second state court action is determinative of the plaintiff's claim.

The dismissal of plaintiff's claim in state court for back pay is *res judicata* with respect to the same claim in this Court. Plaintiff's failure to raise his rights under federal law, which would have defeated the defense successfully asserted by defendants, cannot absolve him of the preclusive effect of this prior adjudication.

Accordingly,

## ORDER

IT IS ORDERED that defendants' motion for summary judgment is GRANTED.