**Daniel KAZOR, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, a foreign corporation, Alternative Lifestyles, Inc., a Michigan non-profit corporation, United Automobile, Aerospace and Agricultural Implement Workers of America, collective bargaining representative organization, Jointly and Severally, Defendants.**

**Civ. A. No. 82–74771.**

United States District Court, E.D. Michigan, S.D.

May 30, 1984.

---

David F. Dickinson, Detroit, Mich., for plaintiff.

Maurice G. Jenkins, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

FEIKENS, Chief Judge.

This matter involves the issue whether plaintiff's claim under the Michigan Handicappers' Civil Rights Act, M.C.L.A. § 37.-1101 *et seq.*, should be remanded to state court. For reasons stated herein, I find that this case should be remanded to Wayne County Circuit Court for resolution of the state claim.

### I. BACKGROUND

Plaintiff, Daniel Kazor, was employed by defendant General Motors Corporation (GM) from November 5, 1963 through December 16, 1980. While employed at GM, plaintiff was a member of defendant United Automobile, Aerospace & Agricultural Implement Workers of America (Union).

It is undisputed that plaintiff was an alcoholic during his employment with GM. He was disciplined at least eight times for unexcused absences and intoxication while at work. On December 16, 1980, GM discharged plaintiff for disciplinary violations. Following his discharge, plaintiff enrolled in a program designed by GM and the Union to assist employees in recovering from substance abuse. The union representative of this program referred plaintiff to defendant Alternative Lifestyles, Inc. for treatment.

On December 8, 1982, plaintiff filed suit in Wayne County Circuit Court. The matter was removed to this Court based on federal question jurisdiction. All of the federal claims have been eliminated,[1] and plaintiff's only remaining allegation is

---

1. On January 19, 1984, I issued an opinion granting the Union's motion for summary judgment on plaintiff's claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The only other existing federal question was a claim asserted *against all defendants* under the Rehabilitation Act of 1973, 29 U.S.C. § 794.

The Rehabilitation Act prohibits handicap discrimination under any program receiving federal financial assistance. GM and the Union do not receive federal financial assistance; therefore, the Rehabilitation Act claim against them should be dismissed. Additionally, plaintiff has agreed that if this case is remanded to state court for determination of the state law claim, he will withdraw his Rehabilitation Act claim against defendant Alternative Lifestyles, Inc.

against GM, the Union, and Alternative Lifestyles, Inc. for violation of the Michigan Handicappers' Civil Rights Act, M.C.L.A. § 37.1101 *et seq.*[2]

## II. DISCUSSION

■ Where the federal claims have been eliminated from a removed case, a federal court must exercise its discretion to determine whether pendent state claims should be remanded to state court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *In re Romulus Community Schools*, 729 F.2d 431 (6th Cir.1984). In exercising this discretion, a federal court should consider such factors as judicial economy, convenience, and fairness to litigants. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *Romulus Schools*, at 436. In *Romulus Schools*, the United States Court of Appeals for the Sixth Circuit stated the law as follows:

> Its [pendent jurisdiction's] justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. [Citation omitted] Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

at 436. *quoting Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

In *Zahnow v. Great Lakes Distributing Co.*, 544 F.Supp. 553 (E.D.Mich.1982), the court remanded a pendent claim under the Michigan Handicappers' Civil Rights Act. There, all of the federal claims were eliminated prior to trial. In exercising its discretion to remand, the court considered the fact that there is not a substantial amount

of state law interpreting the Michigan Handicappers' Civil Rights Act:

> The Michigan Handicappers' Civil Rights Act, although effective in 1976, has been rarely interpreted by Michigan courts .... Since resolution of plaintiff's remaining claims will depend so heavily on interpretation of a Michigan statute which even the Michigan courts have not frequently addressed, it seems preferable that a determination of the issues raised by plaintiff in this action be made by a court of the state of Michigan rather than in a federal forum.

544 F.Supp. at 559.

■ In the instant case, retention of federal jurisdiction over plaintiff's Michigan Handicappers' Civil Rights Act claim would not promote judicial economy, convenience, and fairness to the litigants. Plaintiff's federal claims have been eliminated prior to trial. Therefore, unlike a case in which the federal claims are eliminated *during* trial, there has not been in this instance a significant expenditure of judicial resources which the state courts would have to duplicate. Additionally, both as a matter of comity and to procure for the litigants a "surer-footed reading of applicable law," *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139, remand is desirable in this case. Remand is particularly helpful in procuring a more definitive reading of state law where, as here, there is not a substantial amount of Michigan authority interpreting the applicable provisions of state statute. *See Zahnow*, 544 F.Supp. at 559. Thus, after consideration of the factors set forth in *Romulus Schools*, I exercise my discretion to remand plaintiff's state law claim.

Accordingly, IT IS HEREBY ORDERED that this Court's original order of remand be set aside. IT IS FURTHER ORDERED that this matter shall be, and hereby is, remanded to Wayne County Circuit Court for resolution of plaintiff's remaining state law claim.

---

**2.** On March 29, 1984, I issued an opinion holding that plaintiff's state law claim is not preempted by federal labor law.