William BOYLE and Carrie Boyle, Plaintiffs,

v.

**CARNEGIE–MELLON UNIVERSITY and John Kordesich, Defendants.**

Civ. A. No. 84–2285.

United States District Court, W.D. Pennsylvania.

Oct. 10, 1985.

---

Allan J. Opsitnick, Hickton & Opsitnick, Pittsburgh, Pa., for plaintiffs.

Walter P. DeForest, Robert E. Sheeder, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

## OPINION ■

COHILL, Chief Judge.

Presently before us is Plaintiffs' Motion to Amend the Complaint, and, additionally, to remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania.

This action was originally brought by Plaintiffs in state court, asserting claims for wrongful discharge, intentional infliction of emotional distress, defamation, misrepresentation, age discrimination, breach of contract, tortious interference with contractual relations, and loss of consortium. The Complaint alleges that Plaintiff, Wil-

liam Boyle, an employee of Carnegie Mellon University ("CMU"), was wrongfully discharged in connection with alleged improper billings and theft, and because of age discrimination. Complaint, ¶¶ 10–12, 13. The Complaint also alleges "discrimination in rehiring." *Id.* ¶ 14.

Defendants removed the case to this Court, basing removal on "Plaintiffs' assertion of age discrimination "in violation of the laws of the United States of America." Complaint, ¶ 13. The Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621 *et seq.* prohibits such discrimination.

Plaintiffs have moved to dismiss from the complaint, by way of amendment, claims for defamation, age discrimination under both state and federal law, and interference with marital relations. Motion to Amend, ¶¶ 5, 6. We will grant the motion.

Plaintiffs have, in addition, moved for remand of the remaining claims to state court, based on two arguments. First, Plaintiffs assert that remand is appropriate under 28 U.S.C. § 1447(c), providing for remand of cases improvidently removed. Alternatively, it would appear, Plaintiffs argue that where a narrowing of issues results in the dismissal of the sole federal claim after removal, the Court should exercise its discretion to remand the pendent state claims. Defendants oppose remand.

## DISCUSSION

### Improvident Removal

■ Removal jurisdiction is derivative in nature. "If the state court lacks jurisdiction of the subject matter or of the parties, the Federal court acquires none, although it might in a like suit, originally brought there, have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). Whether removal was proper or "improvident" in the instant case depends on whether the ADEA is enforceable in state as well as federal courts. If a federal statute is enforceable in both state and federal courts, the action would clearly be removable under 28 U.S.C. § 1441(b).

■ In *Kremer Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Supreme Court left open the question of whether jurisdiction to entertain title VII cases is limited to federal courts. *Id.* at 479 n. 20, 102 S.Ct. at 1896 n. 20, 72 L.Ed.2d 262 (1982). The Court of Appeals for the Third Circuit has not, to our knowledge, addressed this question. While courts have come to opposite conclusions on this question, we adopt the reasoning of those courts which have held that nothing in the language or structure of title VII mandates a conclusion that jurisdiction is exclusive. *See, e.g., Patzer v. Board of Regents*, 577 F.Supp. 1553, 1559 (W.D.Wis.1984), *rev'd on other grounds*, 763 F.2d 851 (7th Cir.1985); *Greene v. County School Board*, 524 F.Supp. 43, 44–45 (E.D.Va.1981); *Bennun v. Board of Governors*, 413 F.Supp. 1274, 1280 (D.N.J.1976). We believe this reasoning is equally persuasive in cases brought under the ADEA. *But see Dyer v. Greif Bros., Inc.*, 755 F.2d 1391, 1393 (9th Cir. 1985); *Valenzuela v. Kraft, Inc.*, 739 F.2d 434, 435–36 (9th Cir.1984); *Dickinson v. Chrysler Corp.*, 456 F.Supp. 43, 45–48 (E.D.Mich.1978). Thus, we hold that removal in this case was proper, and do not find section 1447(c) a proper ground for remanding the case.

### Other Grounds for Remand

In the case at bar, the state and federal claims arise out of the same nucleus of operative facts. Thus, even after dismissal of the federal claim, (on motion of the Plaintiffs) we continue to have jurisdiction over the remaining state claims pursuant to the doctrine of pendent jurisdiction. *See In re Carter*, 618 F.2d 1093, 1104 (5th Cir.1980) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)), *cert. denied sub nom. Sheet Metal Workers Int'l Ass'n v. Carter*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981); *Naylor v. Case & McGrath*, 585 F.2d 557, 562 (2d Cir.1978).

■ Pendent jurisdiction, however, is a doctrine of discretion. "Its justification

lies in considerations of judicial economy, convenience, and fairness to the litigants...." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d 218 (1966). The factors courts are to consider in deciding whether or not to exercise pendent jurisdiction are 1) whether the federal claims were dismissed before trial; 2) whether state claims predominate; 3) whether the state claims are closely tied to questions of federal policy; and 4) whether a jury is likely to be confused by divergent legal theories of relief. *Id.* at 726–27, 86 S.Ct. at 1139–40, 16 L.Ed.2d 218. In considering these factors in the case at bar, we find that state claims predominate; the present action is not at the point of trial, and that the state claims implicate no important questions of federal policy. Based on these considerations, we decline to exercise pendent jurisdiction.

■ Applying the *Gibbs* analysis, however, does not resolve the question of whether a federal court should dismiss or remand in such a case as this. As one court has stated, "[t]he issue can be of substantial importance; it affects the application of the statute of limitations, the priority of the case upon its return to the state court, and the reviewability of the district court's order itself." *Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 581 n. 17 (N.D.Calif.1981), *aff'd in part, rev'd in part on other grounds*, 731 F.2d 1423 (9th Cir.1984).

We recognize, of course, that remand is a creature of statute, provided for in 28 U.S.C. §§ 1441(c) and 1447(c). We have previously discussed the inapplicability of 1447(c) as authority for remanding this case, since it was properly removed. Section 1441(c) is also inapplicable because it refers to "separate and independent" claims. It thus does not apply in a case where the claims arise out of a common nucleus of operative facts. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Salveson*, 525 F.Supp. 566, 580 n. 17; C. Wright, *Law of Federal Courts*, § 39, at 219–25 (4th ed. 1983).

In *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court held that a district court had exceeded its authority in remanding a properly removed case because of docket congestion. 46 L.Ed.2d at 550. The strong implication of the Court's opinion was that district courts are limited by reasons provided in the governing statutes in remanding removed cases. *Accord, Levy v. Weissman*, 671 F.2d 766, 769 (3d Cir.1982) (district court erred in remanding properly removed case as sanction for failure to comply with local rule; *Thermtron* prohibits remand for reasons not recognized by controlling statute). *See also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 n. 2 (5th Cir.1985); *Cook v. Weber*, 698 F.2d 907, 909 (7th Cir.1983).

Since *Thermtron*, a significant number of appellate opinions have approved remand after dismissal of a federal claim, where, for discretionary reasons, a district court decides not to retain jurisdiction of pendent state claims. The leading case, *In re Romulus Community Schools*, 729 F.2d 431 (6th Cir.1984) discusses these and conflicting cases. We find *Romulus* persuasive, and adopt its rationale in remanding the present case. *See also Kazor v. General Motors Corp.*, 585 F.Supp. 621 (E.D.Mich.1984) for an excellent review of this issue which is consistent with our result. We also recognize that this decision may conflict with *Levy v. Weissman* (*supra*). However, we believe that remand is appropriate in situations involving pendent jurisdiction, and that the procedure has been approved by several courts of appeals. *See e.g., Fox v. Custis*, 712 F.2d 84, 89–90 (4th Cir.1983); *Hofbauer v. Northwestern National Bank of Rochester*, 700 F.2d 1197, 1201 (8th Cir.1983); *Brough v. United Steelworkers of America*, 437 F.2d 748, 750 (1st Cir.1971). The question of remand in this situation was not addressed in *Levy*.

Since, under *Thermtron*, our order is appealable by petition for writ of mandamus, we need not certify the issue for appeal pursuant to 28 U.S.C. § 1292(b).

An appropriate order will follow.

ORDER

AND NOW, to-wit, this 10th day of October, 1985, for the reasons stated in the foregoing opinion, it is hereby ORDERED, ADJUDGED and DECREED that

1) Plaintiffs' Motion to Amend the Complaint in the above-captioned matter be and hereby is GRANTED;

2) Plaintiffs' Motion to Remand be and hereby is GRANTED; the Clerk is directed to remand the above-captioned action to the Court of Common Pleas of Allegheny County forthwith.