7 F.3d 222
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Martha Ilene ARNER, as Executrix of the Estate of Alvin L.
Arner, Jr., Deceased; Martha Ilene Arner, individually;
Alvin L. Arner, III; Douglas A. Arner; Gregory E. Arier;
George H. Arner, Plaintiffs-Appellees,
v.
PIONEER LIFE INSURANCE COMPANY OF ILLINOIS, an Illinois
Corporation; Charles J. Will, Defendants-Appellants.
 No. 91-2233.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992.
Decided: September 21, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CA-91-102-W-S)
 James F. Companion, Schrader, Byrd, Byrum & Companion, Wheeling, West Virginia, for Appellants.
 Daniel LeeMcCune, Sellitti & Nogay, Weirton, West Virginia, for Appellees.AT1 Yolonda G. Lambert, Schrader, Byrd, Byrum & Companion, Wheeling, West Virginia, for Appellants.
 Joseph G. Nogay, Sellitti & Nogay, Weirton, West Virginia, for Appellees.
 N.S.W.Va.
 VACATED AND REMANDED.
 Before WIDENER and PHILLIPS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Pioneer Life Insurance Company of Illinois (Pioneer) and Charles J. Will appeal from the district court's order remanding this case to the Circuit Court of Hancock County, West Virginia. We vacate the district court's decision and remand the case for clarification of the district court's order.
 
 
 2
 Pioneer, through Will, its resident agent, issued a health insurance policy to Alvin L. Arner, Jr. in early 1989. Pioneer subsequently refused to pay certain of Arner's claims under the policy, stating that the claims were for treatment of a preexisting condition and therefore were not covered under the policy.
 
 
 3
 Arner later died waiting for a heart transplant. His widow and four sons filed the instant lawsuit in the state court. The complaint alleged, among other things, that Pioneer's conduct amounted to the tort of outrage; breached express warranties, guaranties, and promises; constituted unfair settlement practices; and resulted in mental and emotional anguish and suffering as well as loss of consortium.
 
 
 4
 Pursuant to 28 U.S.C. § 1446, Pioneer filed a notice of removal in the United States District Court for the Northern District of West Virginia. Pioneer claimed that the policy was an employee welfare benefit plan under the Employee Retirement Income Security Act, 29U.S.C. § 1001 et seq., and that jurisdiction lay in the federal court. Plaintiffs filed a timely motion to remand pursuant to 28 U.S.C. § 1447(c), arguing that the complaint alleged violations of state law and that principles of comity and judicial economy warranted remand to the state court.
 
 
 5
 On August 28, 1991, the district court issued its order remanding the case to the state circuit court. The district court stated that defendants had not responded to the motion for remand within the time period specified by N.D.W. Va. R. 2.07(f),* and therefore the motion was unopposed. Pioneer now appeals from the remand order.
 
 
 6
 28 U.S.C. § 1447(d) broadly precludes appellate review of a district court order remanding a case to the state court from which it was removed. Kolibash v. Committee on Legal Ethics of W. Va. Bar, 872 F.2d 571, 573 (4th Cir. 1989). The Court, however, has decided that § 1447(d) must be read in conjunction with 28 U.S.C. § 1447(c). Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345-46 (1976). Section 1447(c) permits a district court to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." Despite the general ban of § 1447(d), if a removed case is remanded to the state court for any reason other than the two set forth in § 1447(c), the order remanding the case is subject to appellate review. Washington Suburban Sanitary Comm'n v. CRS/Sirrine, Inc., 917 F.2d 834, 835-36 (4th Cir. 1990).
 
 
 7
 In the instant case, the removal order stated:
 
 
 8
 On July 10, 1991, plaintiffs filed a Motion to Remand with this Court. Defendants have not responded within fifteen (15) days and, therefore, pursuant to Local Court Rule 2.07(f), defendants are now deemed not in opposition to the plaintiffs' motion.
 
 
 9
 IT IS, THEREFORE, ORDERED that plaintiffs' motion to remand be, and the same hereby is, GRANTED and this action is hereby REMANDED to the Circuit Court of Hancock County, West Virginia.
 
 
 10
 Although plaintiffs argue that mention of the local rule was only a recital by the district court, and the reason for remand must be one expressed in the motion, another reasonable construction of this order is that the court's reason for remanding the case was Pioneer's noncompliance with the local rule. Remand for such noncompliance would constitute neither a remand "on the basis of any defect in removal procedure" nor a remand "because the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c). Thermtron holds that such a remand order would be reviewable unders 1447(d). See, e.g., Kolibash v. Committee on Legal Ethics of W. Va. Bar, 872 F.2d at 573; Levy v. Weissman, 671 F.2d 766, 768-69 (3d Cir. 1982) (appellate court may review remand for failure to comply with local rule because § 1447(c) does not permit removal for this reason).
 
 
 11
 We cannot conclusively say that failure to comply with Rule 2.07(f) or some other reason was the basis for the district court's decision to grant the motion to remand. Thermtron requires that the reason be stated.
 
 
 12
 Accordingly, we vacate the order of the district court appealed from and remand the case to the district court for clarification of the reasons for its decision, after which it will enter another order on plaintiffs' motion to remand.
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 *
 "Any party opposing any motion shall file two (2) copies of a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion." N.D.W. Va. R. 2.07(f)