829 F.2d 871
 126 L.R.R.M. (BNA) 2805, 56 USLW 2226,
56 USLW 2279,
107 Lab.Cas. P 10,158,
2 Indiv.Empl.Rts.Cas. 1357
 Richard PRICE and Joe Bridges, Plaintiffs-Appellees,
v.
PSA, INC., Defendant-Appellant.
PSA, INC., Petitioner,
v.
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
CALIFORNIA, Respondent,
Richard Price and Joe Bridges, Real Parties in Interest.
 Nos. 86-5973, 86-7462.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 3, 1987.
Decided Oct. 6, 1987.
 
 Marie Backes, San Diego, Cal., for plaintiffs-appellees-real parties in interest.
 Suzanne J. Holland, Bruce A. Gothelf and Robert J. Lanza, Meserve, Mumper & Hughes, Los Angeles, Cal., for defendant-appellant-petitioner.
 Appeal from the United States District Court for the Southern District of California.
 Before SNEED, FARRIS and NOONAN, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 PSA, Inc. (PSA) seeks review of the district court's remand of this case to state court. PSA alleges that the plaintiffs' state law wrongful discharge claims are completely preempted by the Railway Labor Act (RLA), 45 U.S.C. Sec. 151 et seq., and thus the district court had no discretion to remand the case once it was properly removed. PSA seeks a writ of mandamus commanding the district court to rescind its remand order. We find that the plaintiffs' claims are not completely preempted, and we deny the petition for writ of mandamus.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 2
 On May 8, 1985, Richard Price and Joe Bridges filed an action in the Superior Court for the State of California, alleging violation of four federal statutes: Title VII of the Civil Rights Act of 1964, the Railway Labor Act, the Age Discrimination in Employment Act, and 42 U.S.C. Sec. 1981. PSA timely removed the action to federal court.
 
 
 3
 In January 1986, Price and Bridges, apparently believing a state forum was to be preferred, sought to amend their complaint to allege non-federal, State of California claims. On January 17, the district court approved a stipulation between the parties, which provided in pertinent part:
 
 
 4
 IT IS FURTHER STIPULATED that, if upon filing a plaintiff's first amended complaint, it is apparent that there is no jurisdiction in the United States District Court, the parties agree that the action will be remanded to the Superior Court for the State of California, for the County of San Diego.
 
 
 5
 Appellant's Excerpt of Record at 31.
 
 
 6
 On January 27, the plaintiffs filed their first amended complaint, alleging, inter alia, (1) state law claims predicated upon violation of the public policy inherent in California Labor Code Secs. 922 and 923, prohibiting retaliation for union organizing activities; and (2) claims based upon violation of the public policy inherent in California Code of Civil Procedure Sec. 1209(a)(5), prohibiting disobedience of lawful orders of courts.
 
 
 7
 Price and Bridges thought their first amended complaint satisfied the stipulation. Accordingly, they requested PSA's consent to remand the action in accordance with the parties' stipulation. PSA withheld its consent on the ground that the plaintiffs' claims alleging violation of the public policy inherent in California Labor Code Secs. 922 and 923 were completely preempted by section 2 of the RLA. Thus were invoked the laws of preemption and removal, both functions of federalism.
 
 
 8
 On March 28, 1986, the plaintiffs responded by bringing a motion to remand the case to state court, and on April 28 the district court granted the motion. PSA stood its ground and timely sought review of the remand order. It both appealed the order and petitioned this court for a writ of mandamus to prevent the remand of the case to state court.
 
 
 9
 Before reaching the preemption issue Price and Bridges seek to preserve their advantage by invoking 28 U.S.C. Sec. 1447(d) as a bar to review of the district court's remand order. We shall discuss this issue initially.
 
 II.
 REVIEWABILITY OF REMAND ORDER
 
 10
 Review of remand orders appears to be prohibited by 28 U.S.C. Sec. 1447(d), which provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." However, the Supreme Court limited the scope of Sec. 1447(d) in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). It held that relief by writ of mandamus was available to prevent a district court in a diversity case from ordering a remand solely on the grounds that its docket was congested and that the case would be expedited in state court. Id. at 351-53, 96 S.Ct. at 593-94. The Court reasoned that the prohibition on review found in Sec. 1447(d) can only be read in conjunction with 28 U.S.C. Sec. 1447(c), which provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case." See id. at 345-46, 96 S.Ct. at 590. The Court concluded that "only remand orders issued under Sec. 1447(c) and invoking the grounds specified therein--that removal was improvident and without jurisdiction--are immune from review under Sec. 1447(d)." Id. at 346, 96 S.Ct. at 590.
 
 
 11
 That immunity is not applicable in this case. Both parties agree, as they must, that this case was not removed "improvidently and without jurisdiction." At the time of removal the plaintiffs stated only federal claims; removal was clearly proper. This does not resolve the matter, however. Price and Bridges argue that this circuit, in its post-Thermtron decisions, has limited review of remand orders to permit it only in those situations in which the remand was based on a substantive decision on the merits apart from any jurisdictional determination. See Clorox Co. v. United States District Court, 779 F.2d 517 (9th Cir.1985); Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273 (9th Cir.1984). Inasmuch as the remand here was based upon a lack of jurisdiction and not a matter of substantive law,[1] Price and Bridges insist that the Pelleport-Clorox immunity exists. Under those circumstances, they contend that we should find the remand order unreviewable.
 
 
 12
 We disagree. They read Pelleport and Clorox improperly. In neither case did we attempt to fix the outer limit of reviewability. In Pelleport, we found reviewable a remand based on the conclusion by the district court that a forum selection clause was valid and enforceable. 741 F.2d at 275. We found the remand reviewable because the order was based, not on jurisdictional grounds, but rather on a substantive determination affecting the rights of the parties. Id. at 276-77. In Clorox, our review of the district court's remand order was based on a substantive determination that Clorox had waived its right to removal by informing employees in its employee handbook that suits to recover benefits under the plan in question could be filed in state or federal court. 779 F.2d at 520-21. In both cases we held that a remand order is appealable as a collateral order under 28 U.S.C. Sec. 1291 where the remand is based on a decision on the merits, apart from any jurisdictional decision. Such appeals are appropriate because Congress did not intend to preclude review of a decision on the merits simply because it preceded a remand order.
 
 
 13
 As already indicated, both parties acknowledge that this is not a case in which removal was improvident and without jurisdiction. On the basis of the original complaint the removal was proper. The remand order was based on the district court's perceived discretion to remand the remaining state claims. Because the order was not a mandatory remand under Sec. 1447(c), it enjoys no immunity from review. While reviewable, the order does not fall within the narrow class of remand orders that are appealable because the remand order did not result from a determination on the merits of a non-jurisdictional issue. See Pelleport, 741 F.2d at 273. Rather, under Thermtron, the order is reviewable on a petition for a writ of mandamus. 423 U.S. at 352-53, 96 S.Ct. at 593-94.
 
 
 14
 Our disposition of the remand reviewability issue is in accordance with three recent decisions in this circuit. See Scott v. Machinists Automotive Trades Dist. Lodge, No. 190, 827 F.2d 589 (9th Cir.1987); Survival Sys. Div. of the Whittaker Corp. v. United States District Court, 825 F.2d 1416 (9th Cir.1987); Paige v. Henry J. Kaiser Co., 826 F.2d 857 (9th Cir.1987). In each case we held that a district court's order remanding pendent state claims on discretionary grounds was not pursuant to Sec. 1447(c) and thus was reviewable on a petition for a writ of mandamus.
 
 III.
 COMPLETE PREEMPTION UNDER THE RLA
 
 15
 We now turn to the issue whether the plaintiffs' state law claims for wrongful discharge in retaliation for union organizing activities under California Labor Code Secs. 922 and 923[2] are completely preempted by section 2, Fourth of the RLA.[3] If so, the district court had no discretion to remand the case to state court. We are guided by the Supreme Court's two recent pronouncements on the subject of "preemption removal." See Caterpillar Inc. v. Williams, --- U.S. ----, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); Metropolitan Life Ins. Co. v. Taylor, --- U.S. ----, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Taylor and Williams both dealt with the question whether, and under what circumstances, removal can be based upon a defendant's allegation of federal preemption. We confront the problem in a slightly different context here because this case was properly removed on the basis of federal question jurisdiction, and the plaintiffs later amended their complaint to allege only state claims on the face of their complaint. Nevertheless, the analysis here is identical to that of the "preemption removal" cases. This case requires us to determine whether a federal statute entirely displaces an area of state law such that any cause of action within the scope of the federal statute necessarily "arises under" federal law.
 
 
 16
 In Taylor, the Court adhered to the well-pleaded complaint rule as the basic principle governing federal question jurisdiction when preemption is asserted. 107 S.Ct. at 1546. Ordinarily federal preemption is merely a defense to the plaintiff's state law complaint. Id. As a defense, it does not appear on the face of a well-pleaded complaint, and therefore does not provide a basis for federal question jurisdiction. Id. There exists, however, a "corollary" to the well-pleaded complaint rule called the "complete preemption" doctrine. Id. In select cases the Court has decided that the preemptive force of a federal statute is so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. at 1547. The complete preemption corollary to the well-pleaded complaint rule applies primarily to claims preempted by Sec. 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185 (1982). Williams, 107 S.Ct. at 2430. The Court first singled out Sec. 301 claims for such special treatment in Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), which held that Sec. 301 completely displaces state causes of action "for violation of contracts between an employer and a labor organization." 29 U.S.C. Sec. 185(a) (1982).
 
 
 17
 The Court in Taylor extended the Avco principle to hold that state law claims within the scope of ERISA Sec. 502(a) are completely displaced by ERISA's civil enforcement provision. Although ERISA contains a broad civil enforcement framework, the Court was reluctant to apply the complete preemption exception to the well-pleaded complaint rule outside of the Sec. 301 context:
 
 
 18
 Even with a provision such as Sec. 502(a)(1)(B) that lies at the heart of a statute with the unique pre-emptive force of ERISA ... we would be reluctant to find that extraordinary preemptive power, such as has been found with respect to Sec. 301 of the LMRA, that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.
 
 
 19
 107 S.Ct. at 1547.
 
 
 20
 The Court's decision to extend Avco was based on (1) the virtual identity between the jurisdictional schemes of ERISA Sec. 502(f) and LMRA Sec. 301, and (2) congressional history expressly linking those two provisions:
 
 
 21
 The presumption that similar language in two labor law statutes has a similar meaning is fully confirmed by the legislative history of ERISA's civil enforcement provisions. The Conference Report on ERISA describing the civil enforcement provisions of Sec. 502(a) says:
 
 
 22
 "[W]ith respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve application of the title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdiction. All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947." H.R.Conf. Rep. No. 93-1280, p. 327 (1974) U.S.Code Cong. & Admin.News 1974, pp. 4639, 5107 (emphasis added).
 
 
 23
 No more specific reference to the Avco rule can be expected....
 
 
 24
 107 S.Ct. at 1547. The Court rejected the contention that a state claim is completely preempted if the preemption defense is "obvious." Id. at 1548. The test is whether Congress has "clearly manifested an intent" to convert a state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Id.
 
 
 25
 The RLA contains no civil enforcement provision such as the provisions in ERISA and Sec. 301 of the LMRA. In fact, section 2, Fourth of the RLA contains no civil enforcement provision whatsoever. This circuit has held that an implied private right of action exists under RLA section 2, Fourth. Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 936 (9th Cir.1987). However, Congress has not indicated, as it did with LMRA Sec. 301 and ERISA, that the RLA is "so powerful as to displace entirely any state cause of action." Taylor, 107 S.Ct. at 1546 (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983)). Absent a direct expression of congressional intent to create federal jurisdiction for all causes of action within the scope of section 2, Fourth of the RLA, we believe we must abide by the well-pleaded complaint rule. Congress or the Supreme Court can steady us if either finds our step faulty. We hold that the plaintiffs' state law causes of action in their amended complaint are not completely preempted by the RLA.[4]
 
 IV.
 PROPRIETY OF REMAND ORDER
 
 26
 Having determined that the plaintiffs' amended complaint alleged purely state claims, the remaining issue is whether the district court properly remanded those claims. Once the basis for removal jurisdiction is dropped from the proceedings, a federal court, although possessing the power to hear the remaining state claims, is not obliged to exercise that power. Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir.1986). Further, the rule in this circuit is that the district court has discretion to remand the rest of the action to the state court from which it is removed.[5] Id. The district court in this case did not abuse its discretion in remanding the plaintiffs' state claims in its amended complaint back to state court.
 
 
 27
 We express no opinion on the merits of PSA's federal preemption defense. We have confidence in the ability and willingness of state courts to enforce federal defenses. The petition for writ of mandamus is denied.[6]
 
 
 28
 PETITION DENIED.
 
 
 
 [1]
 The appellants argue that the district court's remand was based on its construction of the parties' stipulation, a matter of substantive law, rather than on jurisdictional grounds. A review of the transcript from the court's hearing on the motion to remand reveals the contrary--the court's remand was based upon its perceived discretion to remand the remaining state claims once the federal claims had dropped out. The court did, as a preface to its findings, note its belief that both parties had "contemplated" that the plaintiffs would be able to state a cause of action requiring remand. Reporter's Transcript at 10. However, the court went on to specifically find that "[a]s far as the law is concerned, it appears to the court that the plaintiff has stated what are state causes of action under state statutes." Id. The district court therefore relied upon its perceived discretion to remand the case where jurisdiction is solely pendent
 
 
 [2]
 Sections 922 and 923 state:
 Any person or agent or officer thereof who coerces or compels any person to enter into an agreement, written or verbal, not to join or become a member of any labor organization, as a condition of securing employment or continuing in the employment of any such person is guilty of a misdemeanor.
 In the interpretation and application of this chapter, the public policy of this State is declared as follows:
 Negotiation of terms and conditions of labor should result from voluntary agreement between employer and employees. Governmental authority has permitted and encouraged employers to organize in the corporate and other forms of capital control. In dealing with such employers, the individual unorganized worker is helpless to exercise actual liberty of contract and to protect his freedom of labor, and thereby to obtain acceptable terms and conditions of employment. Therefore it is necessary that the individual workman have full freedom of association, self-organization, and designation of representatives of his own choosing, to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection.
 Cal.Lab.Code Secs. 922, 923 (West 1971).
 
 
 [3]
 Section 2, Fourth of the RLA provides, in pertinent part:
 No carrier, its officers or agents, shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees ... or to influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization....
 45 U.S.C. Sec. 152, Fourth (1982).
 
 
 [4]
 PSA argues that even if the plaintiffs' claims are not completely preempted, we should recharacterize the claims as "arising under" federal law pursuant to the "artful pleading doctrine." PSA contends that the appellees' state claims were "artfully pled" in order to avoid federal jurisdiction. In Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), the Supreme Court invoked the artful pleading doctrine when a plaintiff tried to avoid the preclusive effect of a prior adverse judgment. See id. at 397 n. 2, 101 S.Ct at 2427, n. 2. We have recently held that use of the doctrine is limited to cases such as Moitie where a plaintiff is seeking to circumvent the res judicata impact of a federal judgment. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1376 (9th Cir.1987), petition for cert. filed, 56 U.S.L.W. 3093 (U.S. Aug. 11, 1987) (No. 87-102). Moitie has no application to the facts of this case
 
 
 [5]
 Several appellate courts have held that remand for reasons not recognized in Sec. 1447(c) is prohibited. See Cook v. Weber, 698 F.2d 907 (7th Cir.1983); Levy v. Weissman, 671 F.2d 766 (3d Cir.1982). The Supreme Court has granted certiorari to decide the question of whether a remand based on non-statutory grounds is permissible. See Boyle v. Carnegie-Mellon Univ., 648 F.Supp. 1318 (W.D.Pa.1985), mandamus denied, No. 85-3619 (3d Cir. Nov. 24, 1986), cert. granted, --- U.S. ----, 107 S.Ct. 1283, 94 L.Ed.2d 141 (1987)
 
 
 [6]
 We strongly disapprove of the plaintiffs' abuse of the judicial process in this case. We agree with the following statement by a district court faced with a similar situation:
 When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation such as plaintiff has employed cannot be condoned.
 Austwick v. Board of Educ., 555 F.Supp. 840, 842 (N.D.Ill.1983). In the event that the plaintiffs once again amend their complaint in state court to allege federal claims, such that the case is again subject to removal, we are quite certain that the district court will entertain a motion by PSA for costs and expenses caused by the plaintiffs' manipulation of pleadings.