952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George W. YORN, Plaintiff-Appellee,
v.
UNION OIL COMPANY OF CALIFORNIA; Timothy J. Tomasso; D.R.
Masterson, Defendants-Appellants.
 No. 90-16386.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1991.
Decided Jan. 7, 1992.
 
 Before FLETCHER, WIGGINS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellee George Yorn commenced this action by filing suit against the Union Oil Company of California (Unocal) in California state court. Yorn, who operated four Unocal service stations between 1983 and 1987, sought damages arising out of Unocal's alleged wrongful refusal to approve the sale of one of his service station franchises and the ultimate termination of that franchise. His complaint alleged seven common law causes of action.[1] Nowhere did it attempt to state a claim under federal law.
 
 
 3
 Unocal removed the case to federal district court, claiming that Yorn's common law theories of recovery were pre-empted by the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2801-06 (1988). It subsequently moved for summary judgment. On August 21, 1990, the district court issued an order holding that Yorn's claims concerning the termination of his franchise were pre-empted by the PMPA and that any claims Yorn had under the PMPA were barred by its statute of limitations.[2] The court further held, however, that Yorn's claims regarding Unocal's refusal to approve the transfer of his franchise fell within the purview of Cal.Bus. & Prof.Code § 21148 (West 1990) and were not pre-empted by the PMPA. The district court remanded those claims to state court. Unocal appeals from the remand order, contending that the district court erred in not finding Yorn's claims pre-empted in their entirety by federal law.
 
 
 4
 We conclude that the district court lacked subject-matter jurisdiction over all of Yorn's claims and should have remanded the entire case to state court as improperly removed. The federal removal statute allows removal only of those actions over which a federal district court would have original jurisdiction. 28 U.S.C. § 1441(a).[3] Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). In a case such as this, where both parties are citizens of the same state, a defendant who seeks to remove a case must therefore demonstrate the existence of federal question jurisdiction.[4]
 
 
 5
 Normally, of course, federal question jurisdiction does not obtain unless a plaintiff's well-pleaded complaint presents issues of federal law. Gully v. First National Bank, 299 U.S. 109 (1936); Louisville & Nashville R.R. v. Motley, 211 U.S. 149 (1908). Since "the plaintiff [is] the master of the claim[,] he or she may avoid federal jurisdiction by exclusive reliance on state law." Williams, 482 U.S. at 392. A defendant cannot create federal question jurisdiction that would make a case removable simply by presenting a federal defense to the plaintiff's suit. Id. at 398-99; Jackson v. Southern California Gas Co., 881 F.2d 638, 641 (9th Cir.1989).
 
 
 6
 Here, Yorn pleaded only state common law causes of action against Unocal. Unocal argued that those claims were pre-empted by the PMPA and sought to remove the case on that basis. Federal pre-emption, however, "is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." Taylor at 63; see also Williams at 398 ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted ... does not establish that they are removable to federal court.").
 
 
 7
 There are two limited exceptions to the rule. Neither, however, applies to this case. The first exception is known as the doctrine of complete pre-emption. In Taylor, the Supreme Court explained this doctrine as follows:
 
 
 8
 One corollary of the well-pleaded complaint rule developed in the case law ... is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.
 
 
 9
 481 U.S. at 63-64; see also Williams at 393. The Taylor Court emphasized that very few statutes possess the "extraordinary pre-emptive power," 481 U.S. at 65, required to recharacterize an entire area of law as federal such that a plaintiff asserting a claim in the area necessarily pleads a federal cause of action. Only where Congress has "clearly manifested an intent," id. at 66, to render any pleading having to do with a particular subject matter removable to federal court should a court invoke the complete pre-emption doctrine. "[E]ven an 'obvious' pre-emption defense does not, in most cases, create removal jurisdiction." Id.
 
 
 10
 Nothing in the text or the legislative history of the PMPA demonstrates a congressional intent to pre-empt the entire law relating to service-station franchises.[5] Indeed, the PMPA's pre-emption clause states as follows:
 
 
 11
 To the extent that any provision of this subchapter applies to the termination ... of any franchise, or to the nonrenewal ... of any franchise relationship, no State or any political subdivision thereof may adopt, enforce, or continue in effect any provision of any law or regulation ... with respect to termination ... of any such franchise or to the nonrenewal ... of any such franchise relationship unless such provision of such law or regulation is the same as the applicable provision of this subchapter.
 
 
 12
 15 U.S.C. § 2806 (1988) (emphasis added). This language indicates that Congress intended to allow states a role in regulation and enforcement provided the applicable law was the same as the federal law. We conclude that the PMPA lacks the complete pre-emptive force necessary to recharacterize Yorn's action as federal and to justify its removal to federal court. While the PMPA may provide Unocal with a viable pre-emption defense to Yorn's common law claims, it is for the California courts to make this determination in the first instance.
 
 
 13
 The second limited exception to the general principles of federal question jurisdiction and the well-pleaded complaint rule is that embodied in the "artful pleading" doctrine, first invoked by the Supreme Court in Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 397 n. 2 (1981). In that case, the Court stated that where a plaintiff has " 'artfully cast' " what are " 'essentially federal law claims' " in state-law terms, a defendant can remove the claims to federal court. Id. Our court has limited strictly the application of the artful pleading doctrine to the Moitie facts. In Moitie, the plaintiff had filed a state-law action seeking to avoid the preclusive effect of a prior federal judgment. "We therefore construe Moitie as limited to removal of state claims precluded by the res judicata effect of a federal judgment." Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1376 (9th Cir.), cert. denied 484 U.S. 850 (1987). There is no contention here that Yorn filed suit in state court to avoid the consequences of an earlier federal action. Unocal cannot invoke the artful pleading doctrine, then, to avail itself of a federal forum.
 
 
 14
 We conclude that Yorn's suit, which pled only state law causes of action, was improperly removed from state court. We vacate the district court's order with instructions to remand the suit to the state court from whence it was removed.[6]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, Yorn alleged intentional and negligent interference with economic advantage, breach of contract, intentional fraud, negligent misrepresentation, and intentional and negligent infliction of emotional distress
 
 
 [2]
 15 U.S.C. § 2805(a) provides that suits alleging the wrongful termination of a service station franchise must be brought within one year of the termination. Yorn brought this suit over eighteen months after the termination he complained of took place
 
 
 [3]
 28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."
 
 
 [4]
 28 U.S.C. § 1331 (1988), the federal question provision, vests the district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
 
 
 [5]
 The Taylor Court found explicit direction from Congress that claims pre-empted by section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B) (1988), arise under federal law and are removable to federal court. The language of ERISA's civil enforcement provision, the Court noted, bears a close similarity to that of section 301 of the Labor Management Relations Act (LMRA), the only provision of federal law the Court had previously held to possess the power of complete pre-emption. ERISA's legislative history indicates, furthermore, that this resembleance is not coincidental. The House-Senate Conference Report contains a strong declaration that actions pre-empted by ERISA are to be regarded as arising under federal law in a fashion similar to those construed to be stating section 301 claims. No similar evidence exists with respect to the PMPA to render claims pre-empted by that statute "necessarily federal in character." Taylor at 67
 
 
 [6]
 Although Judge Fletcher concurs fully in the substance of this memorandum decision, she would not have reached the issue of the district court's jurisdiction but rather would have dismissed the appeal for lack of appellate jurisdiction. Our decisions in Price v. PSA, Inc., 829 F.2d 871 (9th Cir.1987), cert. denied 486 U.S. 1006 (1988), Paige v. Henry J. Kaiser Co., 826 F.2d 857 (9th Cir.1987), cert. denied, 486 U.S. 1054 (1988), and Survival Systems v. United States District Court, 825 F.2d 1416, 1418 (9th Cir.1987), cert. denied, 484 U.S. 1042 (1988), in her view preclude us from exercising jurisdiction over Unocal's appeal. While she questions whether those decisions properly construe our earlier opinions in Clorox Co. v. United States District Court, 779 F.2d 517 (9th Cir.1985), and Pelleport Investors v. Budco Quality Theatres, 741 F.2d 273 (9th Cir.1984), and the Supreme Court's opinion in Moses H. Cohen Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983), she believes they represent binding precedent here. See United States v. Washington, 872 F.2d 874, 880 (9th Cir.1989) (explaining this Court's rule that we are bound by prior panel opinions unless they have been overruled by a decision of the Supreme Court or of this Court en banc, or have been undermined by subsequent legislation). All three decisions speak directly to the reviewability of district court orders remanding claims to state court after concluding that such claims are not pre-empted by federal law. They hold that such orders are reviewable only by way of writ of mandamus. Unocal clearly is not entitled to the issuance of the writ here as the district court lacked subject matter jurisdiction over this suit in the first instance. The other members of the panel disagree with the conclusion that we lack jurisdiction over Unocal's appeal and accordingly reach the issue of the district court's jurisdiction