11-4091-cv
Gilmore v. Gilmore

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of November, two thousand twelve.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                      *Circuit Judges*.

_____

DAVID GILMORE, individually; derivatively, as a shareholder of Cele Holdings, Inc. f/k/a Covington Industries, Inc. f/k/a Covington Fabrics Corp., a New York corporation, and as a member of CIRS, LLC, and as a member of Gilmore Holdings, LLC, a New York limited liability company; and as Receiver of Cele Holdings, Inc. and Gilmore Holdings, LLC,

                                        *Plaintiff-Appellant*,

            -v-                                         11-4091-cv

ABBY GILMORE, ARTHUR FREIERMAN, SOUTHBRIDGE FINANCIAL CORP.,

                                        *Defendants-Appellees*.

_____

Appearing for Appellant:     Leo G. Kailas, Reitler Kailas & Rosenblatt LLC, New York, NY

Appearing for Appellees:     Mathew E. Hoffman, Barton LLP (Randall L. Rasey, Jessica M. Jimenez, *on the brief*), New York, NY

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff David Gilmore ("David") appeals from the September 1, 2011 memorandum decision and order of the United States District Court for the Southern District of New York (Pauley, *J.*) granting summary judgment to Defendants Abby Gilmore, Arthur Freierman, and Southbridge Financial Corp. (together, "Abby") and the November 10, 2011 memorandum and order denying his motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Defendants did not raise the Private Securities Litigation Reform Act ("PSLRA") as an affirmative defense until the parties were preparing their joint pretrial order ("PTO"). We assume *arguendo*, as the parties and district court did, that Section 107 of the PSLRA is an affirmative defense generally required to be pleaded in conformance with Fed. R. Civ. P. 8(c). We find the district court did not abuse its discretion in allowing defendants to assert the PSLRA as an affirmative defense for the first time in the joint PTO. Waiver of affirmative defenses not raised in a defendant's answer is not automatic, and "as a practical matter there are numerous exceptions." *Am. Fed. Grp. v. Rothenberg*, 136 F.3d 897, 910 (2d Cir. 1998) (internal quotation marks omitted). In *Curry v. City of Syracuse*, we held that where plaintiffs are provided with "notice and an opportunity to respond," a court may, in its discretion, permit the defense to be raised for the first time on summary judgment. 316 F.3d 324, 331 (2d Cir. 2003). As David had both notice and an opportunity to be heard, there was no abuse of discretion in allowing the defense to be raised.

The district court correctly determined that both the stock of Covington Industries Inc. and the limited membership interests in CIRS, LLC are securities within the meaning of the PSLRA. The fact that Covington's stock was closely held is no bar to being considered a security. *Sulkow v. Crosstown Apparel, Inc.*, 807 F.2d 33, 37 (2d Cir. 1986) ("neither the small size of the corporation nor the restrictions on transferability remove such a corporation's stock from the reach of Rule 10b–5"). Moreover, the membership interests in CIRS, LLC satisfied the "economic realit[ies]" test for securities set forth in *SEC v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946).

Nor do we find error in the district court's decision not to split the alleged predicate acts into two separate enterprises asserted under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The two sets of predicate acts shared an alleged purpose and result - defrauding the other Gilmore siblings. The alleged victims are the same. The only arguable difference is the alleged method – taking money out of the Gilmore companies by charging finders' fees, rather than making misrepresentations to acquire stock from the Gilmore siblings on favorable terms. As the predicate acts were related to a single RICO enterprise, the district court properly refused to allow David an opportunity to amend his complaint to split the predicate acts into two separate RICO enterprises. *Cf., Howard v. America Online Inc.*, 208 F.3d 741, 749 (9th Cir. 2000) (securities fraud claims were not related to the other predicate acts pleaded, because they had "a different purpose, result, victim and method than the billing fraud, misrepresentations against PTP and the flat-fee advertising claims"); *Seippel v. Jenkens & Gilchrist, P.C.*, 341 F. Supp. 2d 363, 373 (S.D.N.Y. 2004) ("Having alleged . . . that defendants acts were part of a single fraudulent scheme, the [plaintiff] cannot divide the scheme into its various component

acts. Allowing such surgical presentation here would undermine the congressional intent behind the [PSLRA's] Amendment to RICO"); *Ling v. Deutsche Bank AG*, No. 04 CV 4566(HB), 2005 WL 1244689, at * 4 (S.D.N.Y. May 26, 2005) ("[b]ecause here the Plaintiffs contend the wrongful acts were committed as part of a single fraudulent scheme, all of the components must be considered together for securities fraud purposes. Also, because the tax strategy at issue is part of a single scheme, if any predicate act is barred by the PSLRA it is fatal to the entire RICO claim."). For the same reasons, the district court did not abuse its discretion in refusing David permission to file a third amended complaint.

David also challenges the district court's dismissal of his state law claims. "[T]he decision whether to decline to exercise supplemental jurisdiction is purely discretionary." *Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d 408, 437 (2d Cir. 2011) (quotation marks and citation omitted). We find no abuse of discretion in the district court's decision to decline supplemental jurisidction over the state law claims, even though discovery had been completed. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . " *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Finally, we deny David's motion in this Court pursuant to 28 U.S.C. § 1653 to amend his complaint to state a claim involving the Employee Retirement Income Security Act so as to provide an alternate basis for federal court jurisdiction, as the proposed amendment fails to raise a "substantial question of federal law." *See, e.g., Empire Healthcare Assur. Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted).

We have considered all of plaintiff's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3