Brian CHENENSKY, individually and on behalf of all others similarly situated, Plaintiff,

v.

NEW YORK LIFE INSURANCE COMPANY et al., Defendant.

No. 07 Civ. 11504 (WHP).

United States District Court, S.D. New York.

March 11, 2013.

John Halebian, Esq., Lovell Stewart Halebian LLP, York, NY, for Plaintiff.

Richard G. Rosenblatt, Esq., Morgan, Lewis & Bockius LLP, Princeton, NJ, for Defendants.

## MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge.

Plaintiff Brian Chenensky brings this putative class action against Defendants New York Life Insurance Company, New York Life Insurance and Annuity Corporation, and NYLIFE Insurance Company of Arizona (collectively "New York Life") alleging violations of the New York Labor Law ("NYLL") for impermissible wage-deductions. Chenensky moves to amend his complaint and New York Life moves for summary judgment dismissing the action. For the following reasons, this Court declines to exercise supplemental jurisdiction over Chenensky's NYLL claims and dismisses this action without prejudice. Accordingly, the motions are moot.

### BACKGROUND

Chenensky filed this action on December 21, 2007, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207 *et seq.*, Title 12 of the New York Codes, Rules and Regulations ("NYCRR") § 142–2.2, and NYLL § 193. New York Life moved for summary judgment on all claims. On December 22, 2009, this Court issued a Memorandum and Order ("December 22 Order") granting in part and denying in part New York Life's motion. *Chenensky v. N.Y. Life Ins. Co.*, No. 07 Civ. 11504(WHP), 2009 WL 4975237, *9 (S.D.N.Y. Dec. 22, 2009). Specifically, this Court granted summary judgment dismissing Chenensky's FLSA and NYCRR claims, finding that there was no issue of material fact and noting that this ruling might deprive it of federal jurisdiction. This Court also held that there was a genuine issue of material fact as to Chenensky's NYLL claims and denied summary judgment as to them. Thereafter, this Court continued to exercise supplemental jurisdiction because of a related case, *Gold v. N.Y. Life*, 09 Civ. 3210(WHP), which dealt with nearly identical issues and alleged federal jurisdiction

under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

This Court subsequently decided three additional motions: (1) Plaintiff's motion for reconsideration of the Court's decision granting summary judgment dismissing the federal overtime claims, on June 1, 2010; (2) Defendants' motion to strike Plaintiff's class allegations and preemptively deny class certification, on April 27, 2011; and (3) Plaintiff's motion for summary judgment on his NYLL § 193 claims, on January 10, 2012.

On May 14, 2012, this Court dismissed *Gold v. New York Life*, 09 Civ. 3210(WHP), 2012 WL 1674300, for want of federal jurisdiction. Gold subsequently refiled his case in New York State Court on November 14, 2012.

## DISCUSSION

### I. *Supplemental Jurisdiction Standard*

■ Federal courts may exercise jurisdiction over related state-law claims when an independent basis of subject-matter jurisdiction exists. *See, e.g., Montefiore Med. Ctr. v. Teamsters Local*, 642 F.3d 321, 332 (2d Cir.2011). But even when an independent basis of subject-matter jurisdiction exists, courts should, under certain circumstances, "decline to exercise supplemental jurisdiction over a claim." 28 U.S.C. § 1367(c). These circumstances include when "the claim raises a novel or complex issue of State law," § 1367(c)(1); "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," § 1367(c)(2); "the district court has dismissed all claims over which it has original jurisdiction," § 1367(c)(3); or "exceptional circumstances" exist such that "there are other compelling reasons for declining jurisdiction," § 1367(c)(4).

■ "The decision whether to exercise supplemental jurisdiction is entirely within the court's 'discretion and is not a litigant's right.'" *Gilmore v. Gilmore*, 09 Civ. 6230(WHP), 2011 WL 5517832, *2 (S.D.N.Y. Nov. 10, 2011) (quoting *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 263 (2d Cir.2006)), *aff'd*, 503 Fed.Appx. 97, 98–100 (2d Cir. 2012). Courts must determine whether to continue to exercise supplemental jurisdiction "at every stage of the litigation." *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 445 (2d Cir.1998); *see also Rounseville v. Zahl*, 13 F.3d 625, 631 (2d Cir.1994) ("[T]he issue whether [supplemental] jurisdiction has been properly assumed is one which remains open throughout the litigation.") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

■ "A district court's decision whether to exercise [ ] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009). But that discretion has its limits. *Oneida Indian Nation of New York v. Madison County*, 665 F.3d 408, 437 (2d Cir.2011). Ordinarily, when "a plaintiff's federal claims are dismissed before trial, 'the state law claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir.2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir.2008)).

■ District courts weigh several factors in determining whether to exercise supplemental jurisdiction, including "the values of judicial economy, convenience, fairness and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In weighing these values, courts look to "the

circumstances of [each] particular case." *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

 Courts consider their familiarity with the facts, the timing of the case, the number of parties and claims, the amount of discovery, and whether there is ongoing parallel litigation when evaluating judicial economy. *Allard v. Arthur Andersen & Co.,* 957 F.Supp. 409, 425 (S.D.N.Y.1997). In weighing convenience, courts ask whether the case is easily resolvable, and, if it is, whether it is more appropriate to resolve the case than decline to exercise jurisdiction. *See, e.g., Cement & Concrete Workers Dist. Council Welfare Fund v. Anthony Frascone,* 68 F.Supp.2d 166, 174 (E.D.N.Y.1999). Fairness involves questions of equity: Will declining jurisdiction prejudice the parties, and are the parties responsible for any such prejudice? *See, e.g., Pitchell v. Callan,* 13 F.3d 545, 549 (2d Cir.1994). Comity "tak[es] into account such factors as . . . the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago,* 522 U.S. at 173, 118 S.Ct. 523.

## II. *Application*

 Judicial economy favors declining jurisdiction. Both parties argue that this Court should exercise jurisdiction because it is familiar with the facts and has decided multiple dispositive motions, but these arguments are overstated. There have been two opinions resolving dispositive motions in this case: the December 22 Order, which granted New York Life's motion for summary judgment dismissing Chenensky's overtime claims under FLSA and the NYCRR and denied New York Life's motion for summary judgment dismissing Chenensky's NYLL § 193 wage-deduction claim; and the January 10, 2012 Order, which granted Plaintiff's motion to amend and denied plaintiff's motion for summary judgment on his NYLL § 193 impermissible wage-deduction claim.

Tellingly, the dispositive parts of the December 22, 2009 and January 10, 2012 Orders dealt with the same issue. In the December 22 Order, this Court held that there was a genuine issue of material fact as to the timing of deductions and whether the parties had agreed to them. The January 10, 2012 Order merely confirmed that there was a genuine issue of material fact on that issue. In other words, the January 10, 2012 Order did not require this Court to venture into previously unexplored areas.

 This Court originally ruled on Chenensky's state law claims in an effort to avoid wasting the resources of the parties and the court. But the parties' defer-and-delay strategy rendered that judicial initiative an exercise in futility. Judicial economy is no different than any other kind of economy. In most cases, when a federal court has invested considerable time into a case, that court can resolve the case with comparatively less time and effort than another. But in certain cases, some costs are simply sunk. *Cf. Robertson v. The Neuromedical Ctr.,* 161 F.3d 292, 296 (5th Cir.1998) (district court did not abuse its discretion in declining to exercise supplemental jurisdiction over state law claims after granting summary judgment to defendants on federal claims); *Hankins v. The Gap, Inc.,* 84 F.3d 797, 802–03 (6th Cir.1996) (same); *see also In re Masterwear Corp.,* 241 B.R. 511, 520 (Bankr.S.D.N.Y.1999) ("I ruled on [the] summary judgment motion because it would have wasted the parties' time and effort to refuse. It does not follow that my consideration (and denial) of the motion makes dismissal a waste of judicial resources.").

Although this action is five years old, the parties' dilatory practices impeded any progress beyond the pleading stage. This case is not on the eve of trial. It is not even on "the eve of the eve of trial." *Allard,* 957 F.Supp. at 425. Significant issues including new proposed amendments, new discovery, new motions for summary judgment, and motions for class certification remain. Courts should decline to exercise jurisdiction over even an old case when, as here, the balance of the *Cohill* factors favor dismissal. *See, e.g., Allard,* 957 F.Supp. at 425.

Further, this case does not involve any special circumstances that would militate against declining jurisdiction. As the state court companion case demonstrates, the number of parties and claims in this case do not present a problem to re-filing in state court. Indeed, only a single claim remains in this case, and that claim is governed by New York law. *Cf. Ackerman v. Nat'l Prop. Analysts,* 887 F.Supp. 494, 510 (S.D.N.Y.1992) ("[I]n light of the numerous parties and claims and because this case has already been removed from New York State Court and finally, because plaintiffs may be entitled to revive their time-barred federal claims under a theory of recoupment should defendants decide to file counter-claims against plaintiffs … the Court elects to retain this case.").

The amount of discovery conducted in this action does not change this analysis. Discovery is not complete and significant disputes remain over its scope. Further, the parties dispute whether Chenensky's proposed amended complaint would require massive new discovery. Regardless, all of the discovery in this action can be used in state court. *Allard,* 957 F.Supp. at 425 ("The voluminous discovery taken in these cases would not be wasted if the cases were refiled in state court; it would be available for use there."); *see also, In re Masterwear Corp.,* 241 B.R. at 520 ("The parties have not completed discovery, and any discovery they have obtained in this action can be used in state court.").

This Court originally exercised supplemental jurisdiction in this action because a companion case, *Gold v. New York Life,* 09 Civ. 3210(WHP), was also before this Court, dealt with almost identical issues, and purported to have federal jurisdiction. That case was subsequently dismissed for want of federal jurisdiction and was re-filed in New York State Court on November 14, 2012. This Court believed that trying these cases together would further judicial economy and convenience. It still would. But these cases cannot be tried together in federal court because there is no independent federal jurisdiction over any of the claims. The most compelling reasons for retaining jurisdiction in this case are gone, and the same reasons that once suggested that this Court should retain jurisdiction now suggest that this Court should decline it.

Convenience favors trying this case along with its companion in a New York state court, which can best resolve issues of state law. *Gibbs,* 383 U.S. at 726–27, 86 S.Ct. 1130. New York Life contends that retaining jurisdiction is appropriate because this Court can conveniently dispose of this action by granting its motion for summary judgment. New York Life argues that there is no genuine issue of material fact on the timing of the deductions and whether the parties had agreed to the deductions. But this Court has repeatedly held that there is a genuine issue of material fact on that issue. This Court first considered and rejected New York Life's argument in the December 22 Order: "Such a factual issue cannot be resolved on summary judgment. Perhaps recognizing this, the parties submitted significant conflicting extrinsic evidence on

the parties' course of dealings. That contradictory evidence cannot be reconciled at this stage." *Chenensky v. N.Y. Life Ins. Co.*, No. 07 Civ. 11504(WHP), 2009 WL 4975237, at *9 (S.D.N.Y. Dec. 22, 2009). This Court again considered these arguments in connection with the January 10, 2012 Order. There, Chenensky argued that there was no genuine issue of material fact that New York Life illegally debited his already-earned commissions. He argued that, because New York Life could not establish when the commissions were earned, the deductions were presumptively illegal. Rejecting this argument, this Court held that the deductions were not presumptively illegal because there was a genuine issue of material fact as to whether there was an agreement about when the commissions were earned: "Whether Defendants' expense deductions violated § 193(2) depends on whether the parties agreed to include this deduction in the computation of commissions. *And again,* there is a genuine dispute about the existence of such an agreement." *Chenensky v. New York Life Ins. Co.*, No. 07 Civ. 11504(WHP), 2012 WL 234374, *5 (S.D.N.Y. January 10, 2012) (emphasis added). Now, for a third time, the Court is called upon to decide the same question. But nothing has changed since the parties' last gambit. New York Life's pending motion for summary judgment is dubious and will not advance the case any further or push the case into its "late stages." Instead, before proceeding to trial, substantial issues must be resolved.

Chenensky also contends that dismissal would result in a lengthy delay as any state court proceeding would be postponed by his appeal of this Court's ruling. But this delay is one of Chenensky's own making, and the New York state courts can resolve this matter faster than the federal system. The New York CPLR provides for immediate interlocutory appeal for most trial court decisions. *See* CPLR § 5701(a). If this case were to proceed in state court, appellate review of unsettled issues of state law would occur faster than in the federal courts.

While some duplication of efforts is unavoidable if this action is dismissed and restarted, fairness does not counsel retaining jurisdiction. The parties will not be materially prejudiced by having to re-file in state court. *See Allard,* 957 F.Supp. at 424 (declining supplemental jurisdiction in a 13 year old case that involved substantial discovery); *see also, e.g., Williams Elec. Games v. Garrity,* 479 F.3d 904, 906–07 (7th Cir.2007) (holding that the district court's decision not to exercise supplemental jurisdiction over state claims after trial was a reasonable exercise of discretion, even though judicial economy did not favor relinquishment).

Further, the parties are responsible for any prejudice that they may encounter. The parties concede that, absent supplemental jurisdiction, there is no basis for federal jurisdiction over this case. The claims in this case and its companion are entirely creatures of state law. When Chenensky "brought his state-law claims in federal court, he must have realized that the jurisdiction he invoked was pendent and possibly tentative." *Pitchell,* 13 F.3d at 549; *see also Annulli v. Panikkar,* 200 F.3d 189, 203 (3d Cir.1999) ("As for the fairness factor, . . . [Plaintiff] knowingly risked dismissal of his pendent claims when [he] filed suit in federal district court and invoked the Court's discretionary supplemental jurisdiction power."). And, as Chenensky's counsel conceded at oral argument, Chenensky's desire to keep this case in federal court is less about whether jurisdiction is proper and more about exploiting a difference in state and federal procedure, which allows for double damages in federal court. *See Shady Grove*

*Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 130 S.Ct. 1431, 1438–40, 176 L.Ed.2d 311 (2010). But Chenensky's potential recovery is not a factor that favors retaining supplemental jurisdiction. To the contrary, by attempting to shoehorn a state case into federal court, Chenensky assumed the risk that his state claims would be dismissed.

■ Finally, comity weighs heavily against retaining jurisdiction. Comity "reflects a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Levin v. Commerce Energy. Inc.,* 560 U.S. 413, 130 S.Ct. 2323, 2330, 176 L.Ed.2d 1131 (2010) (internal citations and quotations omitted). As such, comity is especially implicated when state law has not been definitively interpreted by the state courts. *See, e.g., Woods v. Computer Horizons Corp.,* No. 05 Civ. 3195(FB), 2008 WL 762252, at *6 (E.D.N.Y. Mar. 20, 2008); *see also Kazor v. Gen. Motors Corp.,* 585 F.Supp. 621, 623 (E.D.Mich.1984). In such cases, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs,* 383 U.S. at 726–27, 86 S.Ct. 1130.

Here, the relationship between the state and federal claims, the nature of the state law claims, and the pending companion case in state court all favor declining jurisdiction. No federal claims remain in this case. And the remaining claims raise novel and complex issues of state law. Chenensky's proposed amendment forces the Court to conduct a futility analysis. In doing so, this Court must resolve the un-

settled question of the scope of permissible deductions under § 193. This question has only been further obfuscated by the New York Legislature's recent revision of § 193. Similarly, New York Life's proposed motion for summary judgment would require this Court to consider the unsettled question of the timing of legal deductions and the nature of implied agreements under § 193. All of these issues are more properly addressed by a New York state court and are, in fact, already in front of the New York Supreme Court in *Gold v. New York Life.*

■ New York Life argues that Chenensky's motion does not involve unsettled issues of state law because *Pachter* controls and would render the proposed amendment futile. *Pachter v. Bernard Hodes Grp., Inc.,* 10 N.Y.3d 609, 861 N.Y.S.2d 246, 891 N.E.2d 279 (2008). According to New York Life, this Court is "better positioned … to apply *Pachter* than a state court judge who would be wading into *Pachter* and the facts of this case for the first time," and, as such, comity weighs in favor of retaining jurisdiction. (Defs.' Mem. of Law in Support of M. for Summ. J., dated Jan. 4, 2013 at 11.) But this stands comity on its head. State judges are the best arbiters of state law and comity weighs in favor of state decisions being interpreted by state judges, especially when, as here, parallel proceedings in state and federal court could lead to disparate results in each venue. *See Dedon GmbH v. Janus et Cie,* No. 10 Civ. 4541(CM), 2010 WL 4227309, *9 (S.D.N.Y. Oct. 19, 2010) ("Comity is an 'important and omnipresent factor' in parallel litigation.") (quoting *Gen. Elec. Co. v. Deutz AG,* 270 F.3d 144, 159–60 (3d Cir.2001)).

### CONCLUSION

For the foregoing reasons and in view of the *Cohill* factors, this Court declines to

continue to exercise supplemental jurisdiction and dismisses this action without prejudice to refiling in state court. The Clerk of the Court is directed to terminate all pending motions, mark this case as closed, and enter judgment dismissing this action without prejudice.

SO ORDERED.