*Reives v. Lumpkin*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand sixteen.

PRESENT:
        GUIDO CALABRESI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
           *Circuit Judges.*

_____

ROBERT REIVES,

        *Plaintiff-Appellant*,

      v.                      No. 15-737

ELGIN BAYLOR LUMPKIN,

        *Defendant-Appellee*.

_____

FOR APPELLANT:          DIMITRIOS KOUROUKLIS, Law Office of Dimitrios Kourouklis, New York, NY (Effimia Soter, Law Office of Effie Soter, P.C., New York, NY, *on the brief*).

FOR APPELLEE:          BENJAMIN D. LIEBOWITZ (Maurice W. Heller, Hillary H. Hughes, *on the brief*), Garvey Schubert Barer, New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Ronnie Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff-Appellant Robert Reives brought this action in the United States District Court for the Southern District of New York against Defendant-Appellee Elgin Baylor Lumpkin for breach of a contract by which Lumpkin, a musical performer, hired Reives to be his manager. Reives appeals from a judgment in favor of Lumpkin following a one-day bench trial. Reives argues that the district court erred by allowing Lumpkin to present an abandonment defense at trial and in finding that the parties had abandoned the contract. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Abandonment is an affirmative defense that should be pleaded under Rule 8(c) of the Federal Rules of Civil Procedure. Rule 8(c) requires that a responsive pleading set forth certain enumerated affirmative defenses as well as "any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). One of the core purposes of Rule 8(c) is to place opposing parties on notice that a particular defense will be pursued so as to prevent surprise or unfair prejudice. See Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971). A district court may nevertheless entertain unpled affirmative defenses in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings. See Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283-84 (2d Cir. 2000) (allowing affirmative defense to be raised at the

summary judgment stage); Gilmore v. Gilmore, 503 F. App'x 97, 99 (2d Cir. 2012) (allowing an affirmative defense to be raised for the first time in a joint pretrial order).

The district court did not abuse its discretion in allowing Lumpkin to raise an abandonment defense for the first time in his pretrial memorandum. The delay in raising this defense did not prejudice Reives because abandonment shares a common factual nexus with accord and satisfaction and waiver, two affirmative defenses Lumpkin did raise in his responsive pleading. Indeed, in opposition to Lumpkin's pretrial memorandum, Reives did not claim surprise or prejudice.

Reives also challenges the district court's factual finding that the parties had mutually abandoned the management contract that is the basis for his breach of contract claim. When reviewing a judgment following a bench trial, we review a district court's findings of fact for clear error and its conclusions of law de novo. Merck Eprova AG v. Gnosis S.p.A., 760 F.3d 247, 255 (2d Cir. 2014). "Whether a contract has been abandoned is a question of fact . . . , and cannot be disturbed on appeal from a bench trial unless clearly erroneous." Wolff & Munier, Inc. v. Whiting-Turner Contracting Co., 946 F.2d 1003, 1008 (2d Cir. 1991). Abandonment requires mutual assent of the parties. Graham v. James, 144 F.3d 229, 238 (2d Cir. 1998). However, such assent may be "inferred from attendant circumstances and conduct of the parties." Armour & Co. v. Celic, 294 F.2d 432, 435 (2d Cir. 1961).

Two factual findings independently support the district court's conclusion that the parties mutually abandoned the management contract. First, the district court credited the testimony of Lumpkin recounting a telephone conversation between himself and Reives

3

wherein the parties agreed to part ways.   Second, the district court found that the parties' post-termination conduct was sufficiently inconsistent was the terms of the management agreement to infer that the parties agreed to terminate the contract.   Neither finding is clearly erroneous.

Under the clearly erroneous standard, "the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."   Fed. R. Civ. P. 52(a)(6). "We are not allowed to second-guess the court's credibility assessments," and "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."   Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011) (internal quotation marks omitted).   In addition to considering Lumpkin's demeanor on the witness stand, Judge Abrams found that Reives' testimony was evasive and less consistent than Lumpkin's with objectively verifiable facts.   Those credibility assessments were not clearly erroneous.

Nor did the district court err in finding that mutual assent to abandon the contract could be inferred from the parties' post-termination conduct.   Following the purported termination of the contract, Lumpkin hired a new manager – a clear breach of the management agreement if it was still in effect.   Reives, though aware that Lumpkin had hired a new manager, did not make any attempt to contact Lumpkin, or pursue legal action, despite having reacted aggressively to an earlier perceived breach of the contract.   Reives did not mention the management agreement to Lumpkin at either of their two subsequent

4

encounters. Furthermore, aside from a single assignment of certain royalties,[1] Reives never received or (prior to this lawsuit) requested any payments owed pursuant to the management contract. Based on this record, the district court did not clearly err in finding that the parties' conduct was sufficiently inconsistent with the terms of the contract to demonstrate abandonment.

We have considered Reives' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The district court found that Lumpkin's assignment of royalties to Reives, though not simultaneous with the abandonment of the contract, was consideration for the termination of the management agreement. On appeal, Reives argues that Judge McMahon, to whom this case was previously assigned, found in an earlier opinion that the assignment of royalties was consideration for a different contract. That argument lacks merit. Judge McMahon's purported "finding" was merely a passing comment made while deciding a motion to dismiss and did not preclude the factfinder from reaching a different conclusion at trial.